STATE OF NEVADA, DEPARTMENT OF MOTOR VEHI-
CLES, Appellant, v. MICHAEL McGUIRE, Respondent.

No. 21878

March 5, 1992                                    827 P.2d 821

*Frankie Sue Del Papa,* Attorney General, Carson City; *Gren-
ville Thomas Pridham,* Deputy Attorney General, and *Laurie B.
Foremaster,* Deputy Attorney General, Las Vegas, for Appellant.

*John Watkins,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

## Facts

On November 1, 1988, respondent Michael M. McGuire caused a four-car accident while driving under the influence of intoxicating liquor (DUI). McGuire was arrested and told by the arresting officer that his driving privileges were revoked pursuant to NRS 484.385. The officer declined to issue a seven-day temporary license to McGuire because the officer's review of the official records indicated that the Nevada Highway Patrol had previously revoked McGuire's driving privileges for a DUI occurring in July, 1988.

McGuire requested an administrative hearing, and the hearing officer affirmed the revocation of McGuire's driving privileges by the Department of Motor Vehicles (DMV). However, upon a petition of judicial review to the district court, the matter was remanded back to the administrative hearing officer to reconsider whether NRS 484.385 entitled McGuire to a temporary license at the time of his arrest.

On remand, the hearing officer reasoned that because McGuire had a valid Kansas license and his driving privileges had not been revoked prior to his November 1, 1988 arrest, he was entitled to a temporary seven-day license pursuant to NRS 484.385. The hearing officer therefore rescinded the revocation of McGuire's driving privileges. The hearing officer also found that McGuire had an obligation to obtain a Nevada driver's license. Although McGuire was a ten-month resident of Nevada, he failed to obtain a Nevada driver's license as required by NRS 483.245.

On May 7, 1990, the DMV petitioned the district court for judicial review. The district court denied the DMV's petition on November 8, 1990, and reinstated McGuire's driving privileges. This appeal followed.

## Discussion

McGuire claims this appeal is barred by NRS 233B.130 (1989) which allows only a "person," not an "agency," to seek judicial review of an administrative decision. From 1981 to 1989, NRS

233B.130 allowed a "party" to seek review. In 1989, NRS 233B.130 was amended to allow only a "person" to seek review. NRS 233B.037 excludes an agency from the definition of "person."

However, Assembly Bill 422 § 17.7 (1991) rectified the wording in NRS 233B.130(1) by reinstating the word "party" for "person," thereby causing NRS 233B.130 to read as it had prior to 1989. Although statutes generally apply prospectively unless the legislature expresses an intention of retroactive application, Allstate Ins. Co. v. Furgerson, 104 Nev. 772, 776, 766 P.2d 904, 907 (1988), the legislature declared in AB 422 § 73(2) (1991) that the referenced change constituted "a clarification of existing law" and that AB 422 § 17.7 applied retroactively. Additionally, the legislature specified that it did not intend "to limit the right of a state agency to appeal an adverse decision in an administrative proceeding." AB 422 § 73(2) (1991).

"When presented with a question of statutory interpretation, the intent of the legislature is the controlling factor . . . ." Robert E. v. Justice Court, 99 Nev. 443, 445, 664 P.2d 957, 959 (1983). Moreover, "[w]hen the language of a statute is plain, its intention must be deduced from such language, and the court has no right to go beyond it." Cirac v. Lander County, 95 Nev. 723, 729, 602 P.2d 1012, 1015 (1979) (quoting State ex rel. Hess v. Washoe County, 6 Nev. 104, 107 (1870)). The clear language of AB 422 indicates that the legislature intended that an agency has the right to appeal an adverse decision.

Finally, "[t]he right of appeal . . . should not be taken away unless clearly intended by the statute." Thompson v. District Court, 100 Nev. 352, 355, 683 P.2d 17, 19 (1984). "Any doubt about the construction of statutes regulating the right of appeal should be resolved in favor of allowing an appeal." Id.

For all of the above reasons, the DMV's appeal is not barred.

Turning to the merits of this appeal, the DMV argues that when McGuire was arrested he did not have Nevada driving privileges because he failed to comply with NRS 483.245.[1] DMV

---

[1]NRS 483.245(1) and (2) provide as follows:

1. When a person becomes a resident of Nevada as defined in this chapter and chapter 482 of NRS he must, within 45 days, obtain a Nevada driver's license as a prerequisite to driving any motor vehicle in the State of Nevada.

2. Where a person who applies for a license has a valid driver's license from a state which has requirements for issuance of drivers' licenses comparable to those of the State of Nevada, the department may issue a Nevada license under the same terms and conditions applicable to a renewal of a license in this state.

reasons that because McGuire had no driving privileges in Nevada, he was not entitled to a seven-day temporary license.

McGuire contends that his constitutional due process rights were violated when the officer failed to issue him a seven-day license. He further asserts that this failure was a government trespass upon his right to a pre-termination hearing. McGuire finally argues that the United States Supreme Court has recognized a universal obligation of due process that no person be deprived of his constitutionally protected property interest in his or her driver's license without an opportunity to defend his or her rights. Bell v. Burson, 402 U.S. 535, 539 (1971).

McGuire's arguments lack merit. Nevada did not revoke McGuire's privilege to drive in Kansas. Moreover, McGuire did not have driving privileges in Nevada because he failed to comply with Nevada law requisite to obtaining that privilege.

When a person becomes a resident of Nevada, he or she must obtain a Nevada driver's license within 45 days. NRS 483.245(1). A resident includes a person who physically resides and works in Nevada. NRS 482.103(1)(c). McGuire lived and worked in Nevada beginning in January of 1988 and was therefore a Nevada resident for a period of over 45 days when he was arrested for DUI on November 1, 1988. Because McGuire never did apply for a Nevada driver's license within or without the time period specified in NRS 483.245, he did not enjoy driving privileges in Nevada at the time of his arrest; ergo, McGuire had no Nevada driving privilege to revoke. It would be absurd, therefor, to conclude that McGuire, who had no right to drive in Nevada at the time of his arrest, was, by virtue of his unlawful driving while intoxicated, and causing an accident, entitled to be issued a temporary, seven-day license.

We also note that because McGuire had no driving privileges in Nevada at the time of his arrest and subsequent thereto, the district court could hardly order that McGuire's non-existent driving privileges be reinstated. It is clear, however, that McGuire did have a colorable claim to driving privileges at the time of his arrest because of the unexpired, facially valid Kansas driver's license in his possession. In effect, McGuire sought to validate his Nevada driving privileges through use of a Kansas permit that had ceased to provide a basis for lawful driving in Nevada 45 days after McGuire become a Nevada resident. Since McGuire's colorable privilege to drive by virtue of the Kansas license was in effect revoked by the DMV, McGuire is required to surrender his Kansas driver's permit to the DMV. NRS 483.500.

Accordingly, the order reinstating McGuire's Nevada driving privileges is reversed, and this matter is remanded to the district

court with instructions to direct the DMV to take such measures as are necessary to assure that McGuire's Kansas license is surrendered.[2]

MOWBRAY, C. J., ROSE, STEFFEN and YOUNG, JJ., and CHRISTENSEN, D.J.,[3] concur.

_____

[2]We are not here concerned with the issue of whether the Kansas driver's permit is subject to surrender to Kansas authorities. Until such time as the State of Kansas evinces an interest in McGuire's license, we are confident that Nevada has the power to require that the license be surrendered to Nevada authorities since McGuire has elected to become a Nevada resident, and has also seen fit to disregard Nevada law in failing to obtain a Nevada license as required by law, and in driving on Nevada highways under the influence of intoxicants thus jeopardizing the lives and property of persons within this state.

In the event McGuire has obtained a Nevada license *as a result of the district court's erroneous ruling,* the DMV may, if it so elects, revoke any current Nevada license issued to McGuire *because of the erroneous ruling,* and impose a period of revocation consistent with that which McGuire would have suffered if the original revocation or denial of driving privileges had been enforced.

[3]The Honorable Carl J. Christensen, Judge of the Eighth Judicial District, was designated by the Governor to sit in the place of THE HONORABLE CHARLES E. SPRINGER, Justice. Nev. Const. art. 6, § 4.