SANDRA HEDLUND, APPELLANT, *v.* VINCENT O. HEDLUND, RESPONDENT.

No. 24808

March 2, 1995                                890 P.2d 790

[Rehearing denied September 19, 1995]

*Richard A. Gammick,* District Attorney, and *Susan Hallahan* and *Terrence McCarthy,* Deputy District Attorneys, Washoe County, for Appellant.

*Lance Van Lydegraf,* Reno, for Respondent.

## OPINION

*Per Curiam:*

The sole issue presented on appeal is whether a district attorney has authority pursuant to NRS 125B.150 to represent a custodial parent in an action to modify an existing child support order when the obligor parent is current on his or her child support obligations. We conclude that NRS 125B.150 was intended to ensure that nonsupported children would not become an economic burden on the state. It was not intended to create taxpayer funded legal counsel for custodial parents generally. Accordingly, we affirm the district court's order.

### FACTS

Appellant Sandra Hedlund and respondent Vincent Hedlund were divorced in California in 1986. Sandra was awarded physical custody of the parties' three children, and Vincent was ordered to pay child support.

Following the divorce, Vincent moved to Reno, Nevada. Sandra remained in California. Vincent fell behind on child support payments, and Sandra brought an action under NRS Chapter 130, the Uniform Reciprocal Enforcement of Support Act (URESA), in the Second Judicial District Court to recover the arrearages. While that action was pending, the California Superior Court modified and reduced Vincent's child support obligations. Based on the California court's order and the stipulation of the parties, on November 5, 1990, the Second Judicial District Court entered a judgment against Vincent in the amount of $6,050 for child support arrearages.

Over the next two years, Vincent became current on child support payments. On September 9, 1992, Sandra released her judgment lien against Vincent. In exchange, Vincent stipulated to

a judgment and order by the Washoe County District Court that he would continue paying child support in the amount of $375 per month.

On December 2, 1992, the Washoe County District Attorney registered Sandra's child support order in Nevada, pursuant to NRS 130.320. Nine days later, the district attorney moved the district court for an order to modify child support payments. After a hearing on March 18, 1993, the Washoe County URESA master recommended that the support order be modified to bring the amount of support into compliance with NRS 125B.070.[1]

On July 20, 1993, the district court vacated the URESA master's recommendation and dismissed the motion to modify child support. The district court concluded that the district attorney had no authority to represent a custodial parent in child support modification proceedings when the noncustodial parent is current on child support payments. This appeal followed.

## DISCUSSION

The sole issue on appeal is whether a district attorney has the authority to represent a custodial parent in an action to modify an existing child support order when the obligor parent is current on his or her child support obligations. Sandra contends that NRS 125B.150 provides such authority.

NRS 125B.150(1) provides, in pertinent part:

> `The district attorney of the county of residence of the child or a *nonsupporting parent* shall take such action as is necessary *to establish parentage* of the child and locate and take legal action against a *deserting or nonsupporting parent* of the child when requested to do so by the custodial parent or a public agency which provides assistance to the parent or child.

(Emphases added.) If the action is transferred to another county, the district attorney of that county "shall proceed to prosecute the cause of action and take such further action as is necessary *to establish parentage and the obligation of support and to enforce the payment of support* pursuant to this chapter or chapter 31A, 126, 130 or 425 of NRS." *Id.* (Emphasis added.)

NRS 125B.150(3) further provides: "The district attorney and his deputies do not represent the parent or the child in the

[1]Under NRS 125.070(1)(b), Vincent's obligation for child support would be 29 percent of his monthly gross income. This would increase his child support obligation by approximately $525 per month to a total of approximately $900 per month.

performance of their duties pursuant to this chapter and chapter 31A, 126, 130 or 425 of NRS, but are rendering a public service as representatives of the state.''

When the language of a statute is plain, its intention must be deduced from that language. State, Dep't of Mtr. Vehicles v. McGuire, 108 Nev. 182, 184, 827 P.2d 821, 822 (1992). The plain language of NRS 125B.150 requires district attorneys, upon appropriate request, to take legal action against a nonsupporting parent to establish parentage, to establish the obligation of support, and to enforce the payment of support. Contrary to Sandra's contention, nothing in the statute grants a district attorney the authority to represent custodial parents in actions to *modify* the amount of child support after the obligation of support has been established.

Sandra seeks to require Nevada's taxpayers to provide representation for her in her effort to increase child support benefits. Sandra's interpretation of NRS 125B.150 would mean an unwarranted expansion of the powers and obligations of the district attorney. Under her interpretation, any parent collecting child support would have the district attorney's office as a personal counsel whenever she or he wanted to litigate an issue involving child support. NRS 125B.130(3) expressly states that the district attorney renders a public service and represents the state, not the parent or child. It is clear that the public service to be rendered by the district attorney is to ensure that nonsupported children do not become an economic burden on the state. In the instant case, Vincent is current on his child support, and his children are not receiving state aid. Thus, the district attorney's representation of Sandra constitutes a burden on state resources rather than, as the Legislature intended, a method of relieving the state of such a burden.

If Sandra wants to initiate an action to modify child support payments, she may bring the action *pro se* or retain private counsel.

Accordingly, we affirm the order of the district court.