WALTER R. PLANKINTON, PETITIONER, *v.* THE FIFTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF NYE, RESPONDENT.

No. 10260

December 21, 1977                    572 P.2d 525

---

*Smith & Maurer,* Las Vegas, for Petitioner.

*Robert List,* Attorney General, Carson City; and *Peter L. Knight,* District Attorney, Nye County, for Respondent.

## OPINION

*Per Curiam:*

After being convicted of a misdemeanor in justice's court, Walter R. Plankinton filed a notice of appeal, but failed to have the matter set in the district court within 60 days. The district court dismissed the appeal on the authority of NRS 189.065, which provides: "An appeal *shall* be dismissed by the district court unless perfected by application of the defendant, within 60 days after the appeal is filed in the justice's court, by having it set for trial." (Emphasis added.)

Here, Plankinton seeks the extraordinary writ of mandamus to compel respondent to vacate its order of dismissal because, he argues, the provisions of NRS 189.065 are not mandatory. We disagree.

Article 6, section 8 of the Nevada Constitution confers upon the legislature the power to "prescribe by law the manner, . . . in which appeals may be taken from Justices and other courts." *See also* Cavanaugh v. Wright, 2 Nev. 166 (1866). By enacting NRS 189.065, the legislature saw fit to prescribe that a defendant must perfect his appeal from Justice's court by having it set for trial within 60 days or suffer dismissal. *See* Woofter v. O'Donnell, 91 Nev. 756, 762, 542 P.2d 1396, 1400 (1975), where we said: "[T]he word 'shall' embodied within [a statute] operates to make its use mandatory." *Cf.*

Thran v. District Court, 79 Nev. 176, 380 P.2d 297 (1963); Ex Rel. Williams v. District Court, 48 Nev. 459, 233 P. 843 (1925). The provisions of NRS 189.065 are mandatory. Therefore, the district court did not err in dismissing Plankinton's appeal.

Writ denied.