SIERRA LIFE INSURANCE COMPANY, an Idaho Company, Appellant, v. DICK L. ROTTMAN, Commissioner of Insurance, State of Nevada, INSURANCE DIVISION, Department of Commerce, State of Nevada, Respondent.

No. 10288

October 15, 1979                                      601 P.2d 56

*William K. Lohse,* Reno, for Appellant.

*Richard H. Bryan,* Attorney General, and *James L. Wadhams,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a district court judgment affirming a decision of the State of Nevada Division of Insurance. The district court concluded that the administrative hearing officer had properly determined that the investment portfolio of Sierra Life Insurance Company (hereinafter Sierra Life) failed to comply with the statutory requirements of NRS 680A.120. Therefore, the company was precluded from doing any insurance business in Nevada until all of its "statutory deficiencies" were corrected.

Sierra Life, an Idaho company, is a life and disability insurer and was licensed in Nevada as a foreign insurer. On March 3, 1975, Sierra Life filed its annual financial statement with the State of Nevada Division of Insurance, and the Division issued the company a Certificate of Authority permitting Sierra Life to continue to transact business in Nevada. A subsequent review of the company's financial statement revealed that the company did not meet the capital and surplus requirements of NRS 680A.120.[1] Accordingly, the Division, pursuant to NRS 680A.190(1), summarily revoked Sierra Life's Certificate of

---

[1]NRS 680A.120 provides, in pertinent part:

"1. Except as provided in subsection 2, to qualify for authority to transact any one kind of insurance as defined in NRS 681A.010 to 681A.080, inclusive (kinds of insurance), or combinations of kinds of insurance as shown below, an insurer shall possess and thereafter maintain unimpaired paid-in capital stock (if a stock insurer) or unimpaired basic surplus (if a foreign mutual or a foreign reciprocal insurer) and free surplus not less than 50 percent of the minimum required capital stock or minimum required basic surplus, as the case may be, and when first so authorized shall possess initial free surplus, all in amounts not less than as determined from the following table: . . . ."

Authority.[2] Thereafter, an administrative hearing was conducted, at the conclusion of which the Division ordered that Sierra Life would not receive a Certificate of Authority until it corrected its specified "statutory deficiencies."

Sierra Life then sought review of the Division's order in the district court. The district court affirmed the order and this appeal followed.

Appellant contends: (1) since its Certificate of Authority was summarily revoked prior to a hearing on the matter, it was denied protections afforded by statute as well as due process of law, and (2) there was insufficient evidence produced at the administrative hearing to support the hearing officer's findings.

1. There is some disparity between the Administrative Procedure Act, NRS 233B.020, which requires the agency to provide notice and an opportunity to show compliance to the licensee, and NRS 680A.190, which gives the Commissioner of Insurance the authority to summarily revoke a Certificate of Authority. However, it is an accepted rule of statutory construction that a provision which specifically applies to a given situation will take precedence over one that applies only generally. W. R. Co. v. City of Reno, 63 Nev. 330, 172 P.2d 158 (1946). Thus, NRS 680A.190 is controlling. Furthermore, where, as here, an emergency situation exists and the action was taken to protect the public against economic injury, due process does not require a prior hearing. *Cf.* Fuentes v. Shevin, 407 U.S. 67 (1972); Bell v. Burson, 402 U.S. 535 (1971); Fahey v. Mallonee, 332 U.S. 245 (1947).

---

[2]NRS 680A.190 provides, in pertinent part:

"1. The commissioner shall refuse to continue or shall suspend or revoke an insurer's certificate of authority:

"(a) If such action is required by any provision of this code; or

"(b) If a foreign insurer and it no longer meets the requirements for a certificate of authority, on account of deficiency of capital or surplus or otherwise; or

"(c) If a domestic insurer and it has failed to cure an impairment of capital or surplus within the time allowed therefor by the commissioner under this code or is otherwise no longer qualified for the certificate of authority; or

"(d) If the insurer's certificate of authority to transact insurance therein is suspended or revoked by its state of domicile, or state of entry into the United States of America if an alien insurer; or

"(e) For failure of the insurer to pay taxes on its premiums as required by this code; or

"(f) For failure of the insurer to furnish information to the commissioner relating to medical malpractice insurance issued by the insurer in this state or any other state."

2.  In reviewing the decision of the Insurance Division, this court is limited to the same scope of review as the district court. "It is the function of this court as well as the lower court to review the evidence presented to the board to determine if the board's decision was supported by the evidence, and to ascertain whether that body acted arbitrarily, capriciously or contrary to the law." Miller v. West, 88 Nev. 105, 108, 493 P.2d 1332, 1334 (1972), *cert. denied,* 409 U.S. 966 (1972). After reviewing the record and briefs on file herein, we are constrained to find that the Division's determination was proper.

Appellant's other contentions are without merit. Accordingly, we affirm.