RODNEY THOMPSON, Petitioner, v. FIRST JUDICIAL DISTRICT COURT, COUNTY OF STOREY, and the HONORABLE MICHAEL R. GRIFFIN, JUDGE, Respondents.

No. 15445

June 26, 1984

683 P.2d 17

*Nicolaus R. Harkins,* Carson City, for Petitioner.

*Brian McKay,* Attorney General, Carson City; and *Marshall A. Bouvier,* District Attorney, Storey County, for Respondents.

## OPINION

*Per Curiam:*

Petitioner was convicted in the justice's court of Virginia Township of violating various county ordinances and a state safety statute. Petitioner filed a notice of appeal from this judgment on April 18, 1983. Fifty-eight days later, on June 15, 1983, petitioner filed an application in the district court to set his case for trial. The state responded by moving to dismiss petitioner's appeal on the ground that it was untimely under NRS 189.065. The district court agreed and ordered petitioner's appeal dismissed. An appeal to this court from the district court's order was dismissed on procedural grounds.

Petitioner is presently before this court seeking a writ of review or, alternatively, writs of mandamus or prohibition. He contends that the lower court incorrectly interpreted NRS 189.065 and therefore erroneously dismissed his appeal.

We initially note that a writ of mandamus is available to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station. NRS 34.160. Additionally, we have previously used mandamus to review a district court's action in dismissing an appeal from a justice's court. *See* Plankinton v. District Court, 93 Nev. 643, 572 P.2d 525 (1977). Accordingly, we will treat the present petition as one for mandamus.[1]

---

[1]Respondent asserts that the petition should be dismissed because the petition is not made upon the affidavit of the party beneficially interested as is required by the statutes governing extraordinary writ relief. *See* NRS

The issue presented in this case is the proper interpretation of NRS 189.065. The *statute* provides:

An appeal shall be dismissed by the district court unless perfected by application of the defendant, within 60 days after the appeal is filed in the justice's court, by having it set for trial.

The district court ruled that under this statute a defendant must have actually *obtained* a trial setting within the 60-day limit. Petitioner contends, however, that a defendant need only *apply* for a trial setting within the time limit.

The legislature's intent in enacting the statute is the factor which controls its interpretation. *See* Robert E. v. Justice Court, 99 Nev. 443, 664 P.2d 957 (1983); City of Las Vegas v. Macchiaverna, 99 Nev. 256, 661 P.2d 879 (1983). If a statute is clear on its face a court cannot go beyond the language of the statute in determining the legislature's intent. Robert E. v. Justice Court, *supra;* White v. Warden, 96 Nev. 634, 614 P.2d 536 (1980). If, however, a statute is capable of being understood in two or more senses by reasonably well-informed persons, then the statute is ambiguous. Robert E. v. Justice Court, *supra.*

In the present case the language of the *statute* is not clear on its face. Either of the interpretations proffered by the parties can reasonably be drawn from its language. The statute is therefore ambiguous.

Article 4, Section 17 of the Nevada Constitution requires that the title of every legislative act briefly express the subject of the act. In construing an ambiguous statute, evidence of the legislature's intent may be gleaned from the title of the act by which the statute was enacted. *See* Torreyson v. Board of Examiners, 7 Nev. 19 (1871); State v. Superior Court of Cty. in & for Pima, 627 P.2d 686 (Ariz. 1981); *see also* A Minor v. Clark Co. Juvenile Ct. Servs., 87 Nev. 544, 490 P.2d 1248

34.030, 34.170, 34.330. A petition for extraordinary writ relief is a pleading which can be verified by a petitioner's attorney if the facts on which the petition is based are within the knowledge of the attorney or the petitioner is absent from the county in which the attorney resides or is for some other cause unable to verify the petition. *See* Abell v. District Court, 58 Nev. 89, 71 P.2d 111 (1937); NRS 15.010(1). The attorney's affidavit or verification must state why it is not made by the party. NRS 15.010(2). Additionally, an affidavit verifying a pleading need not be subscribed before a notary public. NRS 15.010(5). In this case the verification of petitioner's attorney complies with the requirements of *Abell* and NRS 15.010.

(1971). The title of the act by which NRS 189.065 was enacted provided:

AN ACT to amend Chapter 189 of NRS, relating to criminal appeals from justices' courts, by requiring a defendant to perfect his appeal by applying for a trial setting. . . .

1965 Nev. Stats. ch. 216. This title suggests that the legislature intended that a defendant merely needs to apply for a trial date within the sixty days allowed by the statute in order for his appeal to be timely.

Another rule of statutory construction also supports petitioner's interpretation of the statute. The right of appeal is a substantial right which should not be taken away unless clearly intended by the statute. White v. Warden, *supra;* O'Donnell v. District Court, 40 Nev. 428, 165 P. 759 (1917). Any doubt about the construction of statutes regulating the right of appeal should be resolved in favor of allowing an appeal. Saunders v. McKenzie, 572 S.W.2d 653 (Tenn. 1978). In this case it does not clearly appear that the legislature intended to limit the right of appeal by requiring that an appellant cause his case to be actually set for trial within sixty days of filing his appeal. We therefore resolve any doubt regarding the interpretation of NRS 189.065 in favor of the right to appeal.

The available evidence of the legislature's intent, and the rule regarding the interpretation of a statute regulating the right of appeal, compel an interpretation of the statute in petitioner's favor. We therefore interpret NRS 189.065 to mean that an appellant has sixty days after filing his appeal in the justice's court within which to apply for a trial date in the district court.[2] Accordingly, we order that a writ of mandamus issue requiring the district court to vacate its order of dismissal.

[2]Any dicta to the contrary in Plankinton v. District Court, *supra,* is disapproved.