STATE INDUSTRIAL INSURANCE SYSTEM, Appellant,
v. EDDIE SURMAN, Respondent.

No. 16996

August 27, 1987 741 P.2d 1357

*Pamela Bugge,* General Counsel, and *Scott Young,* Associate General Counsel, Carson City, for Appellant.

*Badger* and *Baker,* Carson City, for Respondent.

## OPINION

*Per Curiam:*

Respondent Eddie Surman injured his shoulder in a compensable industrial injury on May 15, 1981. Subsequently, Surman was rated for permanent partial disability (PPD) and found to have a sixteen percent impairment. His entitlement to the PPD compensation accrued in February, 1985.

At the time Surman was injured, NRS 616.605(4)(b)(2)(II) (1979) provided that a claimant may elect to receive twenty-five percent of his compensation in a lump sum if his PPD impairment exceeded twelve percent. In 1983, the legislature changed the lump sum payment provisions to provide that claimants injured on or after July 1, 1973 and before July 1, 1981 may receive a

lump sum award if their PPD is twelve percent or less; claimants injured on or after July 1, 1981 may receive a lump sum award if their PPD is twenty-five percent or less. *See* NRS 616.607(1)(a). Thus, the 1979 provisions would allow Surman a lump sum award while the 1983 provisions would not. The SIIS denied Surman's request for a lump sum award, and a hearing officer and an appeals officer upheld the SIIS' determination. The district court reversed, reasoning that the right to a lump sum award is a vested substantive right, not merely a procedural option. The court further concluded that Surman's right to compensation was fixed at the time of his injury, reasoning that at the time of his injury, NRS 616.605(4)(b)(2)(II) (1979) allowed Surman to elect a twenty-five percent lump sum award, and subsequent legislation could not alter that right. We disagree with the district court's conclusions and therefore reverse.

We first note that undoubtedly the legislature intended the 1983 lump sum provisions to apply retroactively to cases such as Surman's. Those provisions establish the conditions upon which persons injured between July, 1973 and July, 1981 may receive PPD compensation in a lump sum, and they apply to Surman since he was injured in May, 1981. The remaining issue is whether subsequent to a claimant's injury the legislature may alter his right to a lump sum award.

Legislation enjoys a strong presumption of constitutional validity until the contrary is clearly established. Allen v. State, Pub. Emp. Ret. Bd., 100 Nev. 130, 133, 676 P.2d 792, 794 (1984). In the instant case, this presumption has not been overcome. In K-Mart Corporation v. SIIS, 101 Nev. 12, 23, 693 P.2d 562, 569 (1985), we held that the benefits and burdens attendant to worker's compensation legislation are subject to exercise of the police power. In the facts of this case, we conclude that the legislation which denies Surman a lump sum award is a permissible exercise of the police power. The legislation in question neither decreased nor increased the amount of compensation payable. It merely altered the timing of the payments.

In determining that the lump sum provisions in force at the time of Surman's injury controlled, the district court relied on NRS 616.625, which states: "Except as otherwise provided by specific statute, the amount of compensation and benefits and the person or persons entitled thereto must be determined as of the date of the accident or injury to the employee, and their rights thereto become fixed as of that date." This statute, however, does not require the result the district court reached. NRS

616.607(1)(a) specifically addresses the question of when lump sum PPD awards are permissible, and a specific statute takes precedence over a general statute. *See* Sierra Life Ins. Co. v. Rottman, 95 Nev. 654, 601 P.2d 56 (1979).

The district court erred in refusing to apply NRS 616.607(1)(a) to the instant case, and we accordingly reverse.