CITY OF BOULDER CITY, NEVADA, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA, APPELLANT, v. THE STATE OF NEVADA, RICHARD H. BRYAN, IN HIS CAPACITY AS GOVERNOR OF THE STATE OF NEVADA; AND JOHN P. COMEAUX, IN HIS CAPACITY AS EXECUTIVE DIRECTOR, DEPARTMENT OF TAXATION, STATE OF NEVADA; COUNTY OF CLARK, STATE OF NEVADA, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA; CITY OF LAS VEGAS, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA; CITY OF HENDERSON, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA; CITY OF NORTH LAS VEGAS, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA; CITY OF MESQUITE, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA, RESPONDENTS.

No. 20325

June 28, 1990                                      793 P.2d 845

[Rehearing denied August 21, 1990]

*B.G. Andrews,* City Attorney, Boulder City, for Appellant.

*Brian McKay,* Attorney General, and *John Bartlett,* Deputy Attorney General, Carson City, for Respondents Governor Richard H. Bryan and John P. Comeaux.

*Rex Bell,* District Attorney, and *S. Mahlon Edwards,* Deputy District Attorney, Clark County, for Respondent Clark County.

*George F. Ogilvie,* City Attorney, and *Val Steed,* Deputy City Attorney, Las Vegas, for Respondent City of Las Vegas.

*Allison, MacKenzie, Hartman, Soumbeniotis & Russell,* Carson City, and *Shauna M. Hughes,* City Attorney, Henderson, for Respondent City of Henderson.

*Richard C. Maurer,* City Attorney, North Las Vegas, for Respondent North Las Vegas.

*Tony Terry,* City Attorney, Mesquite, for Respondent City of Mesquite.

## OPINION

*Per Curiam:*

On October 29, 1987, the Department of Taxation (the Department) issued a preliminary population estimate report for each city and county in Nevada. Boulder City's estimate was 11,960.

Subsequently, in November 1987 the Department received more complete Census Bureau data, prompting the Department to publish a revised preliminary population estimate. In this revision, Boulder City's population was increased to an estimated 12,560.

Because the data received by the Department in November lacked data for annexations occurring since 1980, a meeting was scheduled by the Department for December 7, 1987 in order to review the situation and, if necessary, correct any population estimates based upon annexations. The deficiency in the Census Bureau data was explained to Boulder City which, along with the other political subdivisions, was invited to the December 7th meeting. Inasmuch as Boulder City had not made any annexations, it did not have representatives attend the meeting. Whether Boulder City's failure to attend was due to representations of the Department or was a result of a lack of diligence is not clear.

At the December 7th meeting, it was determined that adjustments needed to be made in the previously issued population estimates. Being apprised of potential downward adjustments, Clark County and the cities of Henderson and Las Vegas timely filed petitions pursuant to NRS 360.283(3) to revise their respective estimated population figures. Again, because Boulder City had effectuated no annexations during the relevant period, it did not file a petition.

From December 10, 1987 through December 22, 1987, the Department was provided annexation information and data from

the various cities. On December 23, 1987, the annexation work sheets were delivered to the cities. Dan Kruse received the work sheet for Boulder City at the City Manager's office. Boulder City's population was revised downward from the November figure of 12,560 to 11,860.

Boulder City raises two issues on appeal. First, it contends that it was denied due process by the Department in its 1988 population estimate determination. Second, it challenges propriety of the summary judgment entered in favor of the Department.

Boulder City argues that it was denied due process of law by the Department because of the way its 1988 population estimates were determined. This contention lacks merit. In City of Reno v. Washoe County, 94 Nev. 327, 580 P.2d 460 (1978), we held

> [T]hat the City, as a political subdivision of the State, may not raise the issues of taking of property without due process of law or just compensation and the impairment of its contracts, as against the State, its creator.

*Id.* at 331, 580 P.2d at 463. Additionally, this court held in State ex rel. List v. County of Douglas, 90 Nev. 272, 524 P.2d 1271 (1974): "Douglas County, as a political subdivision of the State of Nevada, may not invoke the proscriptions of the Fourteenth Amendment in opposition to the will of its creator. [Citations omitted.] It may not complain of State action upon the ground that it has been deprived of its property without due process of law." *Id.* at 280, 524 P.2d at 1276. Boulder City's due process argument clearly falls within the proscriptions outlined in both *City of Reno* and *County of Douglas, supra.* Boulder City has no basis upon which to support its due process claim against the State. Therefore, we reject this argument without further consideration.

Boulder City also argues that the trial court improperly granted summary judgment in favor of the Department. We have held that:

> Summary judgment is appropriate only when the moving party is entitled to judgment as a matter of law and no genuine issue of material fact remains for trial. NRCP 56(c); Morrow v. Barger, 103 Nev. 247, 737 P.2d 1153 (1987). In determining whether summary judgment is proper, the non-moving party is entitled to have the evidence and all reasonable inferences accepted as true.

Wiltsie v. Baby Grand Corp., 105 Nev. 291, 774 P.2d 432, 433 (1989). Additionally, if there is the "slightest doubt" about the facts, the "litigant has the right to a trial." Shapro v. Forsythe,

103 Nev. 666, 668, 747 P.2d 241, 243 (1987). "Finally, the burden of establishing the non-existence of any genuine issue of fact is on the party moving for summary judgment." *Id.*

With these standards of review in mind, it appears that the summary judgment granted by the trial court was error. Genuine and material issues of fact remain. A summary proceeding is improper in ascertaining whether Boulder City failed to attend the December 7th meeting because it was told by the Department it would not be necessary since only annexation issues would be discussed, or because Boulder City was simply derelict in its duty. The Department argues Boulder City was derelict in failing to attend. Boulder City argues that the Department represented that there was no need to attend because there were no annexations and only updated annexation data would be considered in making revisions.

We conclude that genuine and material factual issues remain for trial bearing on the validity of the Department's revision of Boulder City's 1988 population estimate based upon the annexation data.[1] Accordingly, we reverse the summary judgment entered by the district court, and remand this matter for trial on the merits.

---

[1]We, of course, express no opinion or intend no inference concerning the validity of Boulder City's claims.