*1427 OPINION
By the Court,
Shearing, J.:
On November 24, 1989, appellant Noelle Lester rented five video tapes and purchased one tape from Video Express. The rental agreement between Lester and Video Express required that the videotapes be returned within twenty-four hours. Lester claims that on November 25, 1989, she returned four of the rented videos and re-rented one, “The Serpent and the Rainbow.” Lester claims she returned “The Serpent and the Rainbow” the next day or the day after that. However, Video Express’ records do not reveal that the video was re-rented on November 25, 1989. Rather, their records indicate that the movie was due on November 25, 1989, and that on that date it began appearing on their “overdue films” list. Video Express telephoned Lester to request the return of the movie at which time Lester informed them that she had returned it. On December 15, 1989, Video Express sent a registered letter to Lester which stated that the video was overdue and asked for its return.
On January 13, 1990, Sandra Smith, a Video Express employee, filled out a police report indicating that the movie “The Serpent and the Rainbow” had been rented on November 24, 1989, and had not been returned. After conducting an investigation, the investigating police officer requested a complaint and warrant for violation of NRS 205.515, conversion of rental property.[1] The Reno Police Department filed a criminal complaint *1428 and on March 30, 1990, a warrant was issued by Justice of the Peace John Kadlic. As of October 29, 1990, Video Express’ records still indicated that the movie “The Serpent and the Rainbow” had not been returned. On November 11, 1991, Lester was stopped for a routine traffic violation. The warrant appeared and Lester was arrested. Charges against Lester were later dismissed.
On January 7, 1992, Lester filed a complaint against Video Express; Rod Buchanen, the owner of Video Express at the time; Police Officer Darrel Norman; Police Officer T.A. Tilton; and the City of Reno, alleging, false imprisonment, false arrest, libel, malicious prosecution, and negligence. In September 1992, Lester settled with defendants Norman, Tilton and the City of Reno and the case was dismissed with prejudice as to these defendants. An amended complaint was filed on December 1, 1992, naming Ron Jahn, a co-owner and manager of Video Express at the time, as an additional defendant. Also in the amended complaint Lester abandoned her claims for false arrest, false imprisonment, and negligence. Video Express, Buchanen and Jahn (hereinafter referred to collectively as “Video Express”) filed a motion for summary judgment on December 8, 1992. On January 19, 1993, Lester stipulated to dismiss her libel claim with prejudice. Accordingly, Lester’s claim for malicious prosecution was the only claim remaining. Video Express’ motion for summary judgment was granted, and judgment for the defendants was entered on January 21, 1993. This appeal followed.
Lester contends that the district court erred in granting Video Express’ motion for summary judgment on her malicious prosecution claim because there are material facts in dispute. Specifically, Lester asserts that the parties dispute whether she returned the video and whether she responded to the registered letter Video Express sent her.
Under NRCP 56(c), a motion for summary judgment should be granted if “there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” In determining whether summary judgment is proper the non-moving party is entitled to have the evidence and all reasonable inferences accepted as true. City of Boulder City v. State of Nevada, 106 Nev. 390, 793 P.2d 845 (1990) (citing Wiltsie v. Baby Grand Corp., 105 Nev. 291, 774 P.2d 432 (1989).
The elements that must be proved in a malicious prosecution action are: (1) a lack of probable cause to commence the prior action; (2) malice; (3) favorable termination of the prior action; and (4) damages. Dutt v. Kremp, 111 Nev. 567, 571-72, 894 P.2d *1429 354, 357 (1995). We conclude that the district court properly granted summary judgment because the essential element of lack of probable cause for instituting the prior action was not established. Furthermore, under NRS 205.940(2), Video Express cannot be held liable for commencing the criminal action under the undisputed facts.
The Restatement (Second) of Torts, § 653 cmt. g (1977), states in relevant part:
[G]iving the information or even making an accusation of criminal misconduct does not constitute a procurement of the proceedings initiated by the officer if it is left entirely to his discretion to initiate the proceedings or not. When a private person gives to a prosecuting officer information that he believes to be true, and the officer in the exercise of his uncontrolled discretion initiates criminal proceedings based upon that information, the informer is not liable under the rule stated in this Section even though the information proves to be false and his belief was one that a reasonable man would not entertain. The exercise of the officer’s discretion makes the initiation of the prosecution his own and protects from liability the person whose information or accusation has led the officer to initiate the proceedings (emphasis added).
Further, this Court has stated that “[t]o recover for malicious prosecution, [plaintiff] had to demonstrate that police officers ‘commenced the criminal prosecution because of direction, request, or pressure’ from [defendants].” M & R Investment Co. v. Mandarino, 103 Nev. 711, 720, 748 P.2d 488, 494 (1987) (citing Catrone v. 105 Casino Corp., 82 Nev. 166, 414 P.2d 106 (1966). We conclude that Video Express cannot be held liable for commencing the criminal action because they merely reported information they believed to be true without directing, requesting, or pressuring the police to commence the criminal proceeding.
First, although Lester asserts that Video Express knew she had returned the property because she told them so, there is no evidence in the record to support an assertion that Video Express believed that Lester had returned the property. Video Express’ records revealed that the property had not been returned. Further, at her deposition, Lester testified as follows:
Q Do you believe that Movie Express submitted the initial police report because they believed that the movie had not been returned?
*1430 A Yes.
Q Do you have any evidence to support a claim that Movie Express submitted charges or submitted a statement to the Reno Police Department for any reason other than because they in good faith felt that the movie had not been returned?
ANo.
In this testimony, Lester admits that she believes that Video Express submitted the police report in the good faith belief that she did not return the property. Thus, whether Video Express had a good faith belief that Lester did not return the property is not a question of fact that is in dispute. Whether or not Lester actually returned the video is irrelevant in the action for malicious prosecution.
Second, the record is devoid of any evidence that the police officers commenced the criminal prosecution at the direction, request, or pressure of Video Express. At his deposition, the Deputy District Attorney in charge of prosecuting this matter testified that Video Express had no further involvement, beyond their initial police report, in the decision to institute criminal proceedings. Further, Lester testified that she does not have any evidence that Video Express did anything more than submit an initial statement to the Reno Police Department. Although the decision to issue an arrest warrant may seem rather extreme, it was the investigating police officer who requested the warrant, not Video Express.
Even if the City of Reno had commenced the criminal action at the direction of Video Express, the summary judgment on the action for malicious prosecution would still have been proper. It appears that even Lester admits that Video Express filed the complaint in good faith. Because Video Express had a good faith belief that Lester did not return the property, and because they complied with the requirements of NRS 205.940, they had probable cause to commence the criminal action.
NRS 205.940(2) provides that:
Any person who, after renting or leasing any personal property under an agreement in writing which provides for the return of the personal property to a particular place at a particular time fails to return the personal property to such place within the time specified, and who, with the intent to defraud the lessor or to retain possession of such property without the lessor's permission, thereafter fails to return such property to any place of business of the lessor within 72 hours after a written demand for the return of such property *1431 is made upon him by registered mail addressed to his address as shown in the written agreement, or in the absence of such address, to his last known place of residence, is guilty of larceny according to the value of such property.
The statute further provides that the failure to return the personal property is “prima facie evidence of an intent to defraud the lessor or to retain possession of such property without the lessor’s permission.” NRS 205.940(2). Finally, the statute states that if a lessee fails to return the property within twenty days after a demand is made, the lessor has “a complete defense to any civil action arising out of or involving the arrest or detention of any person upon whom such demand was made.” Id.
Video Express complied with NRS 205.940 by sending a registered letter to Lester which stated that the property was overdue and asked for its return. Video Express apparently had a good faith belief that the property was not returned within seventy-two hours or within twenty days after the demand. Under the statute, such failure to return the property is prima facie evidence of the requisite intent required for larceny. Further, due to their good faith belief that Lester failed to return the video within twenty days after the demand, Video Express has a complete defense to the malicious prosecution action.[2]
For the foregoing reasons, we conclude that the district court properly granted Video Express summary judgment.
Young and Rose, JJ., concur.

It appears that the officer intended to cite a violation of NRS 205.940(2). In 1971, NRS 205.940, the conversion of rental property statute, was substituted for the old conversion of rental property statute, NRS 205.515.

We note that at the time NRS 205.940 was adopted by the legislature in 1971, video rental stores were not in existence. Accordingly, the legislature may not have considered how this statute would apply to video rental situations.