# IN THE SUPREME COURT OF THE STATE OF NEVADA

SCOTT SPITTLER, AN INDIVIDUAL,
Appellant,
vs.
WASHOE COUNTY, A POLITICAL
SUBDIVISION OF THE STATE OF
NEVADA,
Respondent.

No. 61300

FILED

NOV 1 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

This is an appeal from a district court order dismissing an indemnity and declaratory relief action. Second Judicial District Court, Washoe County; Steven P. Elliott, Judge.

In 2011, appellant Scott Spittler sued respondent Washoe County for indemnification, negligence, and declaratory relief, alleging that he had relied on Washoe County's representations in instituting roadway access litigation in 2008, during which he became liable for special damages to the opposing parties. The district court dismissed the complaint in November 2011, concluding that (1) Spittler had failed to meet the threshold requirement of an equitable indemnity claim, in that he had not extinguished his liability by paying the judgment; (2) "assuming arguendo" that Spittler had paid the judgment, he failed to demonstrate the "nexus or relationship" element of the equitable indemnity claim; (3) Spittler had failed to allege any facts showing that Washoe County owed him a duty; and (4) no justiciable controversy existed with respect to the declaratory relief claim, as Washoe County had no interest in contesting the claim.

14-37621

Thereafter, Spittler paid the judgment and, in 2012, instituted a second action against Washoe County, alleging the same basis for his claims as he had in the 2011 action—Washoe County's representations to him regarding roadway access. This time, he asserted causes of action for equitable administrative estoppel, equitable implied indemnity and contribution, and declaratory relief. Washoe County filed a motion to dismiss based on claim preclusion and for failure to state a claim, which Spittler opposed. On June 12, 2012, the district court granted Washoe County's motion to dismiss on claim preclusion grounds. Notice of the order's entry was served electronically on June 13, 2012, and on July 16, 2012, Spittler appealed.

Washoe County moved to dismiss the appeal for lack of jurisdiction, asserting that the July 16 notice of appeal was untimely filed more than 30 days after electronic service of the appealed order's June 13 notice of entry. NRAP 4(a). Spittler opposed the motion. The parties' arguments highlighted a potential conflict in court rules, and this court directed the parties to address this jurisdictional issue in their briefs, which they did.

*Jurisdiction*

Spittler's notice of appeal was filed 33 days after notice of the district court order's entry was served electronically. Under NRAP 4(a), a notice of appeal must be filed within 30 days from the date that notice of the order's entry is served. NRAP 26(c) provides that an additional three days may be added to prescribed periods when the paper is not delivered on the date of service stated in the proof of service. At the time, the rule further provided that, for purposes of adding the three-day period, "a paper that is served electronically is not treated as delivered on the date of

service stated in the proof of service." *See* ADKT 485 (Order Amending Nevada Rule of Appellate Procedure 26, June 7, 2013).[1] As a result, NRAP 26(c) added 3 days to the 30-day appeal period when the notice of entry is served electronically. *See also* NRCP 6(e) ("Whenever a party has the right . . . to do some act . . . within a prescribed period after the service of a notice . . . and the notice . . . is served upon the party by mail or by electronic means, 3 days shall be added to the prescribed period."). Although NEFCR 9(f) provides that "[e]lectronic service is complete at the time of transmission of the notice required by subsection (b) of this rule from the service provider notifying the recipient that a document has been electronically filed and is available on the system," which indicates that papers served electronically are deemed delivered on the date of service stated in the proof of service, we conclude that Spittler appropriately relied on NRAP 26(c) in filing his notice of appeal. *See Vanguard Piping v. Eighth Judicial Dist. Court,* 129 Nev. ___, ___, 309 P.3d 1017, 1020 (2013) (providing that court rules are subject to the same interpretive guidelines as statutes); *State Indus. Ins. Sys. v. Surman,* 103 Nev. 366, 368, 741 P.2d 1357, 1359 (1987) ("[A] specific statute takes precedence over a general statute."). Accordingly, this appeal was timely filed, and we now consider the merits.

*Merits*

We review the district court's dismissal order de novo. *Buzz Stew, LLC v. City of N. Las Vegas,* 124 Nev. 224, 228, 181 P.3d 670, 672 (2008). A cause of action for indemnity does not accrue until payment on a

---

[1]NRAP 26(c) now adds three days to prescribed periods, unless delivered on the date of service or "unless the party being served is a registered user of the electronic filing system."

judgment or settlement agreement has been made. *Rodriguez v. Primadonna Co.*, 125 Nev. 578, 590, 216 P.3d 793, 801 (2009). In the prior action, the district court found that appellant had not satisfied the judgment and thus could not bring an indemnity claim. In other words, appellant's complaint was premature. Although the district court also found alternative grounds for dismissing the indemnity claim, because the claim was also dismissed as premature, those alternative findings do not bar a subsequent action on the same claim. Restatement (Second) of Judgments § 20(2) (1982) ("A valid and final personal judgment for the defendant, which rests on the prematurity of the action or on the plaintiff's failure to satisfy a precondition to suit, does not bar another action by the plaintiff instituted after the claim has matured, or the precondition has been satisfied."); *see id.* cmt. e ("A dismissal may be based on two or more determinations, at least one of which, standing alone, would not render the judgment a bar to another action on the same claim. In such a case, if the judgment is one rendered by a court of first instance, it should not operate as a bar."). Accordingly, the district court erred in concluding that appellant's indemnity and contribution claims were barred, and that portion of the district court's order must be reversed.

As for appellant's declaratory relief claim, which was based on the same conduct as the 2011 complaint, the district court properly granted respondent's motion to dismiss. *See Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1054-55, 194 P.3d 709, 713 (2008) (explaining the elements of claim preclusion); *Doe v. Bryan*, 102 Nev. 523, 525, 728 P.2d 443, 444 (1986) (recognizing that, to obtain declaratory relief, there must exist "a controversy in which a claim of right is asserted against one who

has an interest in contesting it") (internal quotation omitted). Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for further proceedings on appellant's indemnity and contribution claims.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Second Judicial District Court Dept. 10
Scott Spittler
Washoe County District Attorney/Civil Division
Washoe District Court Clerk