An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MARTIN JOHN MCRAE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66817

**FILED**

OCT 1 6 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of one count of failure of a sex offender to notify appropriate agencies of change of address. Second Judicial District Court, Washoe County; Janet J. Berry, Judge. Appellant Martin McRae raises three contentions on appeal.

First, McRae argues that the 48-hour registration requirement in NRS 179D.470(1) did not apply to him because he did not change his residence as contemplated by the statute. As he had no fixed residence after his eviction, McRae contends, he was homeless and therefore he was only subject to the 30-day reporting requirement in NRS 179D.470(3). We disagree. A convicted sex offender is required to register his location with police indefinitely, with limited exceptions. NRS 179D.470. An offender who "changes the address at which he or she resides . . . shall, not later than 48 hours after such a change of status" notify the law enforcement agency in which he formerly resided of the change in status. NRS 179D.470(1). NRS 179D.470(3) imposes an additional requirement that an offender who does not have a fixed residence report every 30 days, but

SUPREME COURT
OF
NEVADA

(O) 1947A

15-31601

it does not alleviate the offender's burden to report a change in residency status within 48 hours pursuant to NRS 179D.470(1).[1]

Second, McRae contends that the district court erred in refusing to instruct the jury that if it concluded that McRae had no fixed address after his eviction, then he could not be found guilty so long as he notified local law enforcement of his address change within 30 days.[2] We discern no abuse of discretion. *See Rose v. State*, 127 Nev., Adv. Op. 43, 255 P.3d 291, 295 (2011) (reviewing district court's decision settling jury instructions for abuse of discretion). The 30-day continuing reporting requirement for sex offenders with no fixed address is an additional requirement to the obligation to notify local law enforcement of a change in residential status within 48-hours. NRS 179D.470(1), (3). Therefore, McRae was not entitled to a proposed instruction that characterized the requirements as mutually exclusive. *See Carter v. State*, 121 Nev. 759, 765, 121 P.3d 592, 596 (2005) (providing that a defendant is not entitled to instructions that are "misleading, inaccurate or duplicitous").

Third, McRae asserts that there was insufficient evidence adduced at trial to support the jury's verdict. We disagree. When viewed

---

[1]McRae also contends that the legislative history of NRS 179D.470 supports his interpretation of the statute. However, as the statute is clear on its face, we do not look beyond the statutory language to determine its meaning. *Thompson v. District Court*, 100 Nev. 352, 354, 683 P.2d 17, 19 (1984).

[2]At trial, McRae requested that the district court issue the following instruction: "If you find that the defendant had no fixed address once he was evicted, and you also find that within 30 days of that eviction he notified local law enforcement of an address where he had shelter, then you must find the defendant not guilty."

in the light most favorable to the State, the evidence presented at trial is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). Evidence introduced at trial demonstrated that McRae was a convicted sex offender. Testimony established that McRae had been evicted on December 16, 2013, but had failed to notify the Reno Police Department of his change in status until January 3, 2014. This evidence was sufficient to conclude that McRae, a convicted sex offender, failed to notify local law enforcement of his change in residential status within 48 hours of that change. NRS 179D.470(1).

Having considered McRae's contentions and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:     Hon. Janet J. Berry, District Judge
        Washoe County Public Defender
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk

Supreme Court
OF
Nevada

(O) 1947A