**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Rex K. DEGEORGE, Defendant—Appellant.**

No. 05–50210.

United States Court of Appeals, Ninth Circuit.

Submitted May 8, 2006.*

Decided May 10, 2006.

Becky S. Walker, Esq., Eileen M. Decker, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

S. El Dabe, Huntington Beach, CA, Rex K. DeGeorge, Sheridan, OR, for Defendant–Appellant.

Before: HAWKINS, GRABER, and PAEZ, Circuit Judges.

## MEMORANDUM **

Rex K. DeGeorge ("DeGeorge") appeals his sentence following our decision in *United States v. DeGeorge*, 380 F.3d 1203 (9th Cir.2004) (*"DeGeorge I"*), affirming his conviction and remanding for resentencing.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

DeGeorge first argues that "persistent and relentless false accusations and assertions by the prosecutors influenced the court and the sentence and restitution orders in violation of Due Process." Based upon his citations to the record, DeGeorge appears to be referring to the prosecution's efforts to recapture the two-level upward adjustment for obstruction of justice that was reversed by this court in *DeGeorge I,* 380 F.3d at 1222–23, and that the district court declined to apply on remand. Neither DeGeorge's citations to the record, nor our independent review of it, reveal any "persistent and relentless false accusations and assertions" by the prosecution. We therefore reject this argument.

DeGeorge next asserts that the application of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), to his resentencing violates the Ex Post Facto Clause (Article I) and Due Process Clause of the Fifth Amendment. This argument is foreclosed by our recent decision in *United States v. Dupas,* 419 F.3d 916, 919–21 (9th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1484, 164 L.Ed.2d 261 (2006).

■ DeGeorge's third claim is that the district court improperly sentenced him above the advisory Sentencing Guidelines range. We construe this argument as a challenge to the reasonableness of the sentence. The district court explicitly considered and extensively discussed the 18 U.S.C. § 3553(a) factors, fully explaining and justifying its reasons for imposing a sentence greater than the Guidelines range. *See United States v. Mix,* 442 F.3d 1191, 1196–97 (9th Cir.2006). We conclude that the sentence was reasonable.

■ DeGeorge next argues that Cigna's civil litigation expenses were improperly included in the restitution order and in the calculation of his base offense level. These contentions are foreclosed by the prior appeal and the law of the case doctrine. *See DeGeorge I,* 380 F.3d at 1221–23; *United States v. Scrivner,* 189 F.3d 825, 827 (9th Cir.1999) (" '[O]ne panel of an appellate court will not as a general rule reconsider questions which another panel has decided on a prior appeal in the same case.' " (quoting *Merritt v. Mackey,* 932 F.2d 1317, 1320 (9th Cir.1991))). DeGeorge further argues that the district court erred by ordering an excessive amount of restitution. This argument also is without merit, as the district court did not abuse its broad discretion in determining the amount of restitution under the Victim and Witness Protection Act of 1982, 18 U.S.C. §§ 3663–64. *See United States v. Laney,* 189 F.3d 954, 966 (9th Cir.1999).

■ Next, DeGeorge asserts that he was denied his right to allocution at the resentencing hearing. By allowing DeGeorge to address the court before imposing sentence, as required by Federal Rule of Criminal Procedure 32(i)(4)(A)(ii), the district court satisfied DeGeorge's right to allocution. *See United States v. Leasure,* 122 F.3d 837, 840 (9th Cir.1997) (per curiam).

Finally, DeGeorge argues that the district court erred by not permitting him both to act pro se (as co-counsel) and to have private counsel. We review for abuse of discretion the district court's decision not to allow such hybrid representation. *See United States v. Bergman,* 813 F.2d 1027, 1030 (9th Cir.1987). DeGeorge has not shown that the district court abused its discretion in denying his request for pro se status.

**AFFIRMED.**