**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

THE PAUL REVERE INSURANCE
GROUP,
        *Plaintiff-Counter-Defendant-*
                    *Appellee,*

        and

EQUITABLE LIFE ASSURANCE
SOCIETY OF THE UNITED STATES,
        *Plaintiff-Counter-Defendant,*

        v.

UNITED STATES OF AMERICA,
                *Intervenor-Appellee,*

REX K. DEGEORGE,
        *Defendant-Counter-Claimant-*
                    *Appellant.*

No. 05-56642

D.C. No.
CV-00-01685-JWJ

OPINION

Appeal from the United States District Court
for the Central District of California
Jeffrey W. Johnson, Magistrate Judge, Presiding

Argued and Submitted
June 8, 2007—Pasadena, California

Filed August 30, 2007

Before: Daniel M. Friedman,* Alex Kozinski, and
Ronald M. Gould, Circuit Judges.

Opinion by Judge Gould

*The Honorable Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

11019

**COUNSEL**

Rex K. DeGeorge, In Pro Per, Long Beach California, for appellants Rex K. and Kathryn Palmer DeGeorge.

Brent Whittlesey, Assistant United States Attorney, Los Angeles, California, for appellee United States of America.

## OPINION

GOULD, Circuit Judge:

In September 2005, Rex K. DeGeorge ("DeGeorge") recovered a civil judgment award for unpaid disability income. To help pay a previous restitution order that De-George had not satisfied, the United States used California state law procedure to file, and then execute in federal court on, a judgment lien against this award. Although DeGeorge's disability income would have been explicitly exempt from the judgment lien under California law, the government argued that federal, not state, property exemptions should apply in this case. Accepting the government's argument and position on this, the federal district court ordered the government's judgment lien enforced. DeGeorge appeals this order. We have jurisdiction under 28 U.S.C. § 1291. We conclude that because the government chose to use California execution law, and the federal law did not preempt this state law on execution, the federal property exemptions do not override California's property exemptions.[1]

## I

DeGeorge was indicted in January 1999, and by superseding indictment in April 2000, on sixteen counts of mail fraud, wire fraud, perjury, and conspiracy. He pled guilty and was

[1]The only issue addressed in this opinion is DeGeorge's argument that his civil judgment award is exempt from execution to satisfy the government's judgment lien. All other issues raised by DeGeorge are addressed in a separate memorandum disposition, filed simultaneously with this opinion.

Because we conclude that the district court erred by enforcing the government's judgment lien against DeGeorge's civil judgment award for unpaid disability income, we need not reach DeGeorge's argument that the use of the Mandatory Victim Restitution Act to enforce the restitution order instead of the Victim and Witness Protection Act violates the Ex Post Facto Clause.

convicted on all sixteen counts on June 18, 2002. We affirmed the convictions in *United States v. DeGeorge* (*DeGeorge I*), 380 F.3d 1203 (9th Cir. 2004), and we affirmed DeGeorge's sentence in *United States v. DeGeorge* (*DeGeorge II*), No. 05-50210, 2006 WL 1308349 (9th Cir. May 10, 2006). As part of DeGeorge's conviction, the district court ordered him to pay restitution of $2,872,634.89 under 18 U.S.C. § 3663A.

From 1989 until DeGeorge was arrested for the above criminal charges in April 1999, Equitable Life Insurance Society and Paul Revere Insurance Group (collectively "Insurers") paid DeGeorge disability income. In February 2000, however, before DeGeorge was convicted in the above case, the Insurers filed a civil action against DeGeorge alleging disability claim fraud. This case was tried before a jury, the jury returned a verdict in favor of DeGeorge, and we affirmed the judgment. *See Paul Revere Life Ins. Co. v. DeGeorge*, No. 03-55409 (9th Cir. June 27, 2005). Shortly thereafter, the magistrate judge awarded DeGeorge a judgment of $438,886.10 from the Insurers.

While DeGeorge's civil case against the Insurers was proceeding, the United States intervened in that case and filed a judgment lien under California state law so that any judgment favorable to DeGeorge would be used to pay the court-ordered restitution in *DeGeorge I*. The government later moved to have the judgment lien enforced. The magistrate judge granted the government's motion, ordered the judgment lien enforced, and ordered the Insurers to pay 60%[2] of DeGeorge's civil judgment award to the United States as a judgment lien creditor.[3] DeGeorge timely appealed this order.[4] We reverse and remand.

---

[2]The other 40% of DeGeorge's civil judgment award went to pay DeGeorge's attorneys as part of a pre-arranged fee.

[3]In a related but separate matter, on July 12, 2005, DeGeorge filed a motion in this case that the Insurers interplead all disputed funds. On August 31, 2005, the magistrate judge received notice that the Insurers

## II

**[1]** We consider whether the district court properly granted the government's motion to enforce its judgment lien.[5] As part of DeGeorge's criminal conviction, the district court in that case ordered him to pay restitution to the government of $2,872,634.89 under 18 U.S.C. § 3663A. Federal Rule of Civil Procedure 69(a) ("Rule 69(a)") "governs execution proceedings in federal courts." *Hilao v. Estate of Marcos*, 95 F.3d 848, 851 (9th Cir. 1996). Rule 69(a) provides in part that the procedure to execute a judgment "shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable." *Id.*

**[2]** Consistent with Rule 69(a), the government filed a notice of a judgment lien under California Code of Civil Procedure ("CCCP") § 708.410 to enforce its restitution judgment. CCCP § 708.410(a)(2) states:

---

filed an interpleader action on August 12, 2005, to resolve to whom the Insurers should pay DeGeorge's future disability income. That case is before Judge Dale S. Fisher of the Central District of California. The Insurers deposited all disability income after the 2003 jury verdict with the district court, and Paul Revere Insurance Group continues to deposit DeGeorge's monthly disability checks. DeGeorge filed a motion for summary judgment in the interpleader action, but the district court stayed that action until we decide this appeal.

[4]The government argues that DeGeorge's notice of appeal is untimely. DeGeorge mailed his notice of appeal from prison on October 6, 2005, within thirty days of the district court's order. Under Supreme Court precedent, DeGeorge's notice of appeal is timely, even if the district court did not receive the notice until after thirty days from the date of the district court's order. *See Houston v. Lack*, 487 U.S. 266, 270 (1988).

[5]This is a question of California law that we review de novo. *See Fleet Credit Corp. v. TML Bus Sales, Inc.*, 65 F.3d 119, 121 (9th Cir. 1995).

>    A judgment creditor who has a money judgment against a judgment debtor who is a party to a pending action or special proceeding may obtain a lien under this article, to the extent required to satisfy the judgment creditor's money judgment, on . . .
>
>    . . . .
>
>    [t]he rights of such judgment debtor to money or property under any judgment subsequently procured in the action or proceeding.

This provision gives a right to the government to obtain a lien on DeGeorge's award in this civil action. *See id.* legislative committee cmt. ("A lien under this article reaches the judgment debtor's right to money under the judgment in the pending action or proceeding as permitted by former law. The lien also reaches any right of the judgment debtor to property under the judgment." (citation omitted)). Under California law, the magistrate judge had authority to rule on the government's motion to enforce its judgment lien. *See id.* § 708.440(a)-(b).

**[3]** DeGeorge argues that California law exempts disability income from execution of the judgment lien. DeGeorge is correct. Under California law his disability income is exempt from enforcement of a California judgment lien. *See id.* § 704.130.

**[4]** The United States, however, argues that federal law, not state law, controls whether property is exempt from enforcement of a federal debt. The government contends that Rule 69(a) supports its argument. *See* Fed. R. Civ. P. 69(a) (stating "that any statute of the United States governs to the extent that it is applicable"); *see also id.* advisory committee note (stating that "[s]tatutes of the United States on execution, when applicable, govern under this rule," and providing a non-exhaustive list of governing federal statutes); 12 Charles

Alan Wright, et al., *Federal Practice and Procedure* § 3012 (2d ed. 1997). This leaves us with the question whether there is a federal execution statute regarding property exemptions that "preempts California execution law under Rule 69(a)." *Estate of Marcos*, 95 F.3d at 852.

We attempt to find a correct path through the labyrinth of federal execution statutes: 18 U.S.C. § 3663A(d) states that a restitution judgment issued under § 3663A shall be enforced under 18 U.S.C. § 3664.[6] The pertinent provision of § 3664 is § 3664(m), which states that the government may enforce a restitution judgment by "all other available and reasonable means," including "subchapter C of chapter 227" (which is 18 U.S.C. §§ 3571-3574) and "subchapter B of chapter 229" (which is 18 U.S.C. §§ 3611-3615). 18 U.S.C. § 3664(m)(1)(A)(i)-(ii). The discernable enforcement provision in the above-mentioned subchapters is 18 U.S.C. § 3613(a), which states:

> The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law . . . a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that—
>
> > (1)   property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt

---

[6]18 U.S.C. § 3664(n) provides that "[i]f a person obligated to provide restitution . . . receives substantial resources from any source, including . . . [a] judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." *Id.* However, the government does not base its enforcement action on this provision. We therefore do not consider it.

from enforcement of the judgment under Federal law;

(2)    section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and

(3)    the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

18 U.S.C. § 3613(a)(1)-(3).[7]

**[5]** Section 3613(a) thus allows for enforcement of a restitution judgment by state or federal enforcement procedures, and lists the applicable federal property exemption statutes. We have held that § 3613(a) authorizes the government to enforce a restitution award against all property of a criminal defendant except items listed in §§ 3613(a)(1), (2), and (3). *See United States v. Novak*, 476 F.3d 1041, 1046-47 (9th Cir. 2007) (en banc); *see also United States v. Irving*, 452 F.3d 110, 126 (2d Cir. 2006) (concluding that "the only property exempt from [§ 3613(a)] is that which the government could not reach for the payment of federal income taxes").

In interpreting a statute, we first look to the plain meaning of its text. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 732 (9th Cir. 2007) ("Statutory interpretation begins with the plain meaning of the statute's language." (internal quotation marks

---

[7]Although the title of § 3613 is "Civil remedies for satisfaction of an unpaid fine," and § 3613(a) discusses enforcement of "a judgment imposing a fine," not the enforcement of a restitution judgment, under § 3613(f) the government may still employ § 3613(a) to enforce a restitution judgment. Section 3613(f) states that "[i]n accordance with section 3664(m)(1)(A) of this title, all provisions of this section are available to the United States for the enforcement of an order of restitution." 18 U.S.C. § 3613(f).

omitted)); *Wilderness Soc'y v. U.S. Fish & Wildlife Serv.*, 353 F.3d 1051, 1060 (9th Cir. 2003) (en banc) ("We begin with the language of the statute . . . . Another fundamental canon of construction provides that 'unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning.' " (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979) (citations omitted))). "It is also a fundamental canon that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Wilderness Soc'y*, 353 F.3d at 1060 (internal quotation marks omitted).

Our plain reading of § 3613(a) leads us to conclude that the federal property exemptions do not preempt state execution law. The three subsections of § 3613(a) must be considered in their context — the exemptions listed in § 3613(a)(1) apply only to execution under federal law; § 3613(a)(2) prevents the use of property exemptions listed in 28 U.S.C. § 3014 if federal, but not state, execution law is used; and § 3613(a)(3) applies when either state or federal execution law is used.

Section 3613(a)(3) preempts state law. Regardless of what state execution law dictates, the Consumer Credit Protection Act ("CCPA"), which caps the government's ability to garnish an employee's weekly earnings at 25%, applies. *See* 15 U.S.C. § 1673(a)(1). For example, if the government used California law to enforce a judgment lien, and California execution law allowed garnishment of 100% of an employee's weekly earnings, the government would still be able to garnish only 25% of those earnings because under § 3613(a)(3) the CCPA, and not California law, would govern.

**[6]** Congress, however, did not write §§ 3613(a)(1) and (2) in the same fashion. If the government uses federal execution procedures to enforce a restitution order, the property exemptions listed in § 3613(a)(1) apply, but the exemptions mentioned in § 3613(a)(2) by its reference to 28 U.S.C. § 3014 do not apply. If, on the other hand, the government uses state

law, the property exemptions in § 3613(a)(1) do not apply, but § 3613(a)(2)'s may. In neither case does federal property exemption law apply regardless of whether state or federal execution procedures are used.

**[7]** "[I]t is generally presumed that Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another." *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 537 (1994) (internal quotation marks omitted). By declining to apply §§ 3613(a)(1) and (2) to both state and federal execution law, Congress expressed a clear intention that § 3613(a) was not intended to preempt state exemptions to state execution law. *See Estate of Marcos*, 95 F.3d at 853-54 (holding that under Rule 69(a)'s direction that federal law governs when applicable, Federal Rule of Civil Procedure 4.1 for service of process did not preempt California's specific law concerning service of a notice of levy against a deposit account). We conclude that § 3613(a) does not override CCCP § 704.130, California's property exemption for disability income from enforcement of judgments under California enforcement procedures. Because the government elected to use California state law to create and enforce its judgment lien, the government is bound by California execution law. Under California law, DeGeorge's civil judgment award for unpaid disability income is exempt from execution by means of a California enforcement procedure. We hold that the district court erred by enforcing the government's judgment lien against DeGeorge's civil judgment award.[8]

**REVERSED in part and REMANDED.**[9]

---

[8]Our conclusion today makes no comment on whether the government could seek enforcement of the restitution award under federal law. We only hold that under state execution law, DeGeorge's civil judgment award is exempt from execution for the government's judgment lien.

[9]Although we reverse on the issue reviewed in this opinion, in the companion memorandum disposition filed simultaneously we affirm on the issues there reviewed.