**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TRANSWESTERN PIPELINE COMPANY,
LLC, a Delaware limited liability
company,

*Plaintiff-Appellee,*

v.

17.19 ACRES OF PROPERTY LOCATED
IN MARICOPA COUNTY, more of
less; FIRST NATIONAL BANK OF
OLATHE, a Kansas corporation; J.
LAWRENCE MCCORMLEY; UNKNOWN
OWNERS,

*Defendant,*

and

AGUA FRIA INVESTMENTS, LLC, a
Delaware limited liability
company,

*Defendant-Appellant.*

No. 09-16850

D.C. No.
2:08-cv-00033-JWS

OPINION

Appeal from the United States District Court
for the District of Arizona
John W. Sedwick, District Judge, Presiding

Submitted November 5, 2010*
San Francisco, California

Filed December 8, 2010

---

*The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

19623

Before: Ronald M. Gould and Sandra S. Ikuta, Circuit
Judges, and Edward R. Korman, Senior District Judge.**

Opinion by Judge Ikuta

---

**The Honorable Edward R. Korman, Senior United States District
Judge for the Eastern District of New York, sitting by designation.

**COUNSEL**

Steven A. Hirsch, Bryan Cave LLP, Phoenix, Arizona, for defendant-appellant Agua Fria Investments LLC.

John J. Egbert, Jennings, Strouss & Salmon, P.L.C., Phoenix, Arizona, for plaintiffs-appellees Transwestern Pipeline Co., LLC.

**OPINION**

IKUTA, Circuit Judge:

The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. §§ 4601-4655

(the Act) sets forth procedures for land acquisitions by certain federal and federally assisted programs. Among other things, the Act allows a landowner to seek reimbursement of specified costs and fees incurred in connection with a condemnation proceeding instituted by a "Federal agency" (as defined) if "the [condemnation] proceeding is abandoned by the United States." *Id.* § 4654(a)(2). This case requires us to determine whether the term "United States," as used in § 4654(a)(2), includes a private entity prosecuting a condemnation action under the authority granted by the Federal Electric Regulatory Commission (FERC). We hold that it does not, and therefore affirm the decision of the district court.

**I**

Transwestern Pipeline Company, LLC (Transwestern) sought and received permission from FERC to construct a natural gas pipeline across some 897 properties in central Arizona. The affected properties included land owned by Agua Fria Investments, LLC (Agua Fria). After a district court held that Transwestern could not take immediate possession of Agua Fria's property under a proposed "quick take" procedure, Transwestern entered into settlement discussions with Agua Fria. At the same time, Transwestern commenced condemnation proceedings. Agua Fria rejected each of Transwestern's many purchase offers and litigated aggressively in opposition to Transwestern's attempt to condemn its property.

Ultimately, Transwestern determined it could complete the pipeline more quickly if it changed the proposed route to avoid Agua Fria's property. After FERC approved the alteration to the pipeline route, Transwestern moved for a voluntarily dismissal of its condemnation action, and the district court granted the motion.

Agua Fria then filed a motion seeking reimbursement for its litigation fees and costs under 42 U.S.C. § 4654(a)(2), which provides that in a "proceeding instituted by a Federal

agency to acquire real property by condemnation," a district court "shall award the owner" specified costs and fees "if . . . (2) the proceeding is abandoned by the United States."[1] The district court denied the motion, and Agua Fria timely appealed.

## II

On appeal, Agua Fria claims it is entitled to costs and fees under § 4654(a)(2) because Transwestern abandoned its condemnation action against Agua Fria's property and Transwestern should be deemed to be the "United States" in this context. In order to establish that Transwestern is equivalent to the "United States" for purposes of § 4654(a)(2), Agua Fria makes a three-step argument. First, Agua Fria notes that § 4601, which defines terms used in the Act, provides that "Federal agency" includes "any person who has the authority to acquire property by eminent domain under Federal law." 42 U.S.C. § 4601(1).[2] Second, Agua Fria argues, because § 4601

---

[1]42 U.S.C. § 4654(a) provides in full:

(a) Judgment for owner or abandonment of proceedings

The Federal court having jurisdiction of a proceeding instituted by a Federal agency to acquire real property by condemnation shall award the owner of any right, or title to, or interest in, such real property such sum as will in the opinion of the court reimburse such owner for his reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of the condemnation proceedings, if—

(1) the final judgment is that the Federal agency cannot acquire the real property by condemnation; or

(2) the proceeding is abandoned by the United States.

[2]42 U.S.C. § 4601(1) provides in full:

As used in this chapter —

(1) The term "Federal agency" means any department, agency, or instrumentality in the executive branch of the Government, any wholly owned Government corporation, the Architect of the Capitol, the Federal Reserve banks and branches thereof, and any person who has the authority to acquire property by eminent domain under Federal law.

does not define "United States," we must use the plain meaning of this term, which includes federal agencies. Agua Fria concludes that because the term "United States" includes federal agencies, and the term "Federal agencies" includes private persons, the term "United States" must include private persons.

**[1]** We disagree with the last step of Agua Fria's analysis. When determining statutory meaning, we look first to the plain meaning of the text. *Paul Revere Ins. Grp. v. United States*, 500 F.3d 957, 962 (9th Cir. 2007). "[U]nless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42 (1979). "When determining the plain meaning of language, we may consult dictionary definitions." *Af-Cap, Inc. v. Chevron Overseas (Congo) Ltd.*, 475 F.3d 1080, 1088 (9th Cir. 2007). Taking its ordinary, common meaning, the term "United States" means our nation, located primarily in North America, which acts through our federal form of government. The dictionary definitions are consistent with this common understanding. *See, e.g.*, 19 *Oxford English Dictionary* 79-80 (J.A. Simpson & E.S.C. Weiner eds., 2d ed. 1989) (definition 1b: "The Republic of North America"); *Black's Law Dictionary* 1675 (9th ed. 2009) ("A federal republic . . . made up of 48 coterminous states, plus the state of Alaska and the District of Columbia in North America, plus the state of Hawaii in the Pacific.").[3]

**[2]** The Act does not define the term "United States" and does not indicate that we are to read the special definition of "Federal agency" from § 4601(1) into the term "United States." Accordingly, we decline to do so, and adhere instead to the common understanding of the term "United States."

---

[3]We may rely on *Black's Law Dictionary* "to determine the common sense meaning of statutory language." *Ariz. Health Care Cost Containment Sys. v. McClellan*, 508 F.3d 1243, 1250 n.9 (9th Cir. 2007) (internal quotation marks omitted).

Given our interpretation of the term, the landowner's right to costs and fees is triggered only when the federal government abandons a condemnation proceeding, not when a private entity such as Transwestern does so, even if that private entity is exercising federally granted condemnation power.[4]

Agua Fria contends that *Tennessee Gas Pipeline Co. v. 104 Acres of Land*, 828 F. Supp. 123 (D.R.I. 1993), *aff'd in part and vacated in part on other grounds*, 32 F.3d 632 (1st Cir. 1994), supports its contention that the term "United States" includes Transwestern for purposes of § 4654(a)(2). We disagree. In *Tennessee Gas*, a private gas company, acting under FERC's authority to acquire property for a pipeline, dismissed a condemnation proceedings it had brought against a landowner after FERC approved a change in the pipeline's route. *Id.* at 124-25. The district court held that, under these circumstances, it would deem FERC to have abandoned the proceedings for purposes of § 4654(a)(2). *Id.* at 128. The court therefore concluded that the landowner was entitled to litigation costs and fees under § 4654(a)(2) "whether or not Tennessee Gas is an entity within the term 'United States' as used in the statute." *Id.* In other words, *Tennessee Gas* avoided the very point Agua Fria claims it supports.[5]

"If the plain meaning of the statute is unambiguous, that meaning is controlling and we need not examine legislative history as an aid to interpretation unless the legislative history clearly indicates that Congress meant something other than what it said." *Greenwood v. CompuCredit Corp.*, 615 F.3d 1204, 1207 (9th Cir. 2010) (quoting *Carson Harbor Vill., Ltd.*

---

[4]Given our holding that Transwestern is not the "United States" for purposes of § 4654(a)(2), we need not reach Agua Fria's argument that a district court lacks discretion to deny an award of litigation costs and fees to a landowner that meets the criteria of § 4654(a).

[5]Agua Fria does not argue here that FERC should be deemed to be the party that abandoned the condemnation proceedings, so we do not address this issue.

*v. Unocal Corp.*, 270 F.3d 863, 877 (9th Cir. 2001) (en banc)) (internal quotation marks omitted). Agua Fria has not pointed to any legislative history that contradicts the plain language of the statute. Rather, the House Report on which Agua Fria relies indicates that § 4654(a) was intended to reimburse property owners for fees and costs incurred "where (1) the court determines that a condemnation was unauthorized, [or] (2) *the government* abandons a condemnation." H.R. Rep. No. 91-1656, 91st Cong. 2d Sess., *reprinted in* 1970 U.S.C.C.A.N. 5850, 5874-75 (emphasis added). This interpretation is consistent with the plain language of the statute and does not suggest that Congress intended to make fees and costs available when a private party abandons a proceeding. Further, Congress made no changes to the term "United States" in § 4654(a)(2) when it changed the definition of "Federal agency" to include private persons. *See* Uniform Relocation Act Amendments of 1987, Pub. L. No. 100-17, § 402, 101 Stat. 132, 246. Had Congress wished to include private persons in the meaning of the term "United States," it clearly knew how to do so. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 255-56 (1994).

Because we adhere to the plain meaning of the term "United States" in § 4654(a)(2), and that term does not include private entities, we affirm the district court's denial of Agua Fria's motion for litigation costs and fees.[6]

**AFFIRMED.**

---

[6]For the first time on appeal, Agua Fria argues that it is entitled to recovery under 42 U.S.C. § 4654(a)(1), which authorizes a fee award to a landowner in cases where "the final judgment is that the Federal agency cannot acquire the real property by condemnation." *Id.* It did not raise this argument in the district court, however, and we therefore decline to consider it here. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999); *In re E.R. Fegert, Inc.*, 887 F.2d 955, 957 (9th Cir. 1989).