COUNTY OF CLARK, NEVADA; AND MICHELE SHAFE, IN HER OFFICIAL CAPACITY AS CLARK COUNTY ASSESSOR, APPELLANTS, v. HOWARD HUGHES COMPANY, LLC, A FOREIGN LIMITED LIABILITY COMPANY AUTHORIZED TO DO BUSINESS IN NEVADA, RESPONDENT.

No. 60790

July 3, 2013 305 P.3d 896

---

*Steven B. Wolfson*, District Attorney, and *Paul D. Johnson*, Deputy District Attorney, Clark County, for Appellants.

*Lionel Sawyer & Collins* and *Max Couvillier, William J. McKean*, and *Paul D. Bancroft*, Reno, for Respondent.

Before HARDESTY, PARRAGUIRRE and CHERRY, JJ.

## OPINION

By the Court, CHERRY, J.:

In this appeal, we consider whether a property owner whose property is located outside of Carson City may file a petition for judicial review from a State Board of Equalization property tax valuation in the First Judicial District Court in Carson City. We conclude that the First Judicial District Court is an appropriate venue for filing a property tax valuation challenge, irrespective of the physical location of the property, because it is a "court of competent jurisdiction in the State of Nevada" as required by NRS 361.420(2). We further conclude that the statutory language provides that a property owner with property located in any Nevada county may file a property tax valuation action in any district court in the state.

### FACTS AND PROCEDURAL HISTORY

Respondent Howard Hughes Company, LLC, owns four parcels of real property known as Summerlin West located in Clark County, Nevada. Dissatisfied with the appraisal performed by appellant Michele Shafe, the Clark County Assessor, for the tax

year 2011-2012, Howard Hughes Company challenged its assessment before the Clark County Board of Equalization, which lowered the valuation. Subsequently, appellant Clark County appealed the revised assessment to the State Board of Equalization, which increased the valuation. Ultimately, Howard Hughes Company petitioned the First Judicial District Court in Carson City for judicial review pursuant to NRS 361.420 and NRS 233B.130.[1]

Clark County and the Assessor filed a motion for change of venue, arguing that the action should be maintained in the Eighth Judicial District Court in Clark County. They claimed that actions against counties are to take place in the district court that embraces that named county under NRS 13.030(1). The district court denied the motion, holding that the petition was properly filed in the First Judicial District Court in Carson City in accordance with NRS 361.420(2). This appeal followed.

## DISCUSSION

Protesting property owners from counties throughout the State of Nevada have challenged their property tax assessment in the First Judicial District Court in Carson City. *See Washoe Cnty. v. Otto*, 128 Nev. 424, 282 P.3d 719 (2012) (action initiated in Carson City when the property was located in Washoe County); *State ex rel. Bd. of Equalization v. Barta*, 124 Nev. 612, 188 P.3d 1092 (2008) (same); *State ex rel. Bd. of Equalization v. Bakst*, 122 Nev. 1403, 148 P.3d 717 (2006) (same); *Mineral Cnty. v. State, Bd. of Equalization*, 121 Nev. 533, 119 P.3d 706 (2005) (action commenced in Carson City when the property was located in Mineral County). We take this opportunity to clarify that property owners whose property is located outside of Carson City may, in fact, file a petition for judicial review from a State Board of Equalization property tax valuation in the First Judicial District Court. Applying de novo review, we interpret the applicable venue statutes to determine whether the district court properly denied the motion for change of venue. *See Otto*, 128 Nev. at 430-31, 282 P.3d at 724.

It is a long-standing rule of statutory construction that where a specific and general statute conflict, "the specific statute will take precedence." *Anderson Family Assocs. v. State Eng'r*, 124 Nev. 182, 187, 179 P.3d 1201, 1204 (2008). NRS 361.420(2) provides that a protesting property owner "may commence a suit in any court of competent jurisdiction in the State of Nevada against the State and county in which the taxes were paid." *See Marvin v. Fitch*, 126 Nev. 168, 178, 232 P.3d 425, 431 (2010) ("Recognizing that the State Board's equalization process is adversarial, the

---

[1]The petition was timely filed under NRS 361.420(3).

Legislature provided that a taxpayer may seek judicial review of a State Board's determination or bring a lawsuit 'in any court of competent jurisdiction in the State.' '' (quoting NRS 361.420(2))). By contrast, NRS 13.030(1) states that ''[a]ctions against a county may be commenced in the district court of the judicial district embracing the [defendant] county.''

Here, NRS 361.420(2) answers the question of where venue may be taken in a property tax valuation action. *See State Indus. Ins. Sys. v. Surman*, 103 Nev. 366, 368, 741 P.2d 1357, 1358-59 (1987) (determining that a statue that specifically addresses a question is specific). NRS 13.030 does not specifically address venue as it relates to property tax valuation actions and is therefore general. *See In re State Eng'r Ruling No. 5823*, 128 Nev. 232, 245, 277 P.3d 449, 457 (2012) (including NRS 13.030 in a discussion of general venue statutes). Because NRS 361.420(2) is specific and NRS 13.030 is general, NRS 361.420(2) is controlling and, thus, venue in a tax valuation challenge may be taken in any court of competent jurisdiction in this state.

The Nevada Legislature has unmistakably declared in NRS 361.420(2) where protesting property owners may file their actions for recovery of taxes—in any court of competent jurisdiction in Nevada. The First Judicial District Court in Carson City is an appropriate venue because Howard Hughes Company's petition for judicial review from the State Board of Equalization's property tax valuation may be filed in the district court of any Nevada county.

Accordingly, we affirm the district court's order denying the motion for change of venue.

HARDESTY and PARRAGUIRRE, JJ., concur.