131 Nev., Advance Opinion 4

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CARMEN JONES, M.D.,
Appellant,
vs.
NEVADA STATE BOARD OF MEDICAL
EXAMINERS,
Respondent.

No. 64381

**FILED**

FEB 0 5 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Appeal from a district court order denying a motion to change venue. Second Judicial District Court, Washoe County; Jerome Polaha, Judge.

*Affirmed.*

Hafter Law and Jacob L. Hafter, Las Vegas,
for Appellant.

Bradley O. Van Ry, Reno,
for Respondent.

---

BEFORE HARDESTY, C.J., DOUGLAS and CHERRY, JJ.

## OPINION

PER CURIAM:

In this appeal, we must determine where venue is appropriate for a petition for contempt, arising from a party's failure to comply with an administrative subpoena issued by the Nevada State Board of Medical Examiners, or to otherwise properly participate in a proceeding before the Board. We conclude that NRS 630.355(1)'s language, providing that venue is proper in "the district court of the county in which the proceeding is being conducted," means that venue lies in the county where the work of

the Board takes place, rather than the county where the conduct being investigated occurred. Thus, we affirm the district court's order denying the motion to change venue.

## FACTS AND PROCEDURE

After a preliminary investigation, respondent Nevada State Board of Medical Examiners filed an administrative complaint against appellant Carmen Jones, M.D., alleging among other things that Dr. Jones aided a third party in the unauthorized practice of medicine. In furtherance of the Board's investigation, it issued a subpoena to Dr. Jones to obtain patient records in accordance with NRS 630.140(1)(b), which authorizes the Board to issue administrative subpoenas to compel the production of documents. When Dr. Jones failed to comply with the subpoena, the Board petitioned the Second Judicial District Court, located in Washoe County, for an order compelling compliance with its administrative subpoena under NRS 630.140 and NRS 630.355.

Relying on a general venue statute, NRS 13.040, which states in part that "the action shall be tried in the county in which the defendants, or any one of them, may reside at the commencement of the action," Dr. Jones filed a motion to change the venue of the subpoena contempt petition to the Eighth Judicial District Court, which is located in Clark County, arguing that the petition to enforce the subpoena should have been brought in Clark County where she resides and practices medicine. Dr. Jones also argued that if the Legislature intended for Board contempt petitions to be filed in Washoe County, the statute should have been drafted to state that specifically. Dr. Jones further contended that it would be inconvenient for her to participate in the proceedings in Washoe County, and as the Board is a statewide agency and that Board

investigators visited her practice in Clark County, it thus would not be a hardship for the Board to pursue its contempt proceeding in Clark County.

In opposition to Dr. Jones's motion to change venue, the Board argued that the subpoena contempt petition against Dr. Jones was properly filed in the Second Judicial District Court because the statute governing venue for contempt petitions brought by the Board, NRS 630.355(1), provides that the Board may seek a contempt order in the "district court of the county in which the proceeding is being conducted." The Board stated that its administrative proceeding against Dr. Jones is taking place in and arises from its office in Washoe County, that all formal complaints and summary suspensions are filed in its office in Washoe County, and that all hearings on formal complaints and summary suspensions are held at its office in Washoe County. Thus, the Board contended, venue is proper in the Second Judicial District Court under NRS 630.355(1). The Board also argued that the general venue rules contained in NRS Chapter 13 and relied on by Dr. Jones apply to actions to be tried in the district court, and thus, changing the place of trial. Since a Board of Medical Examiners' subpoena contempt petition is not a trial or substantially related district court action, the Board asserted that its petition was therefore not subject to NRS Chapter 13.

The district court denied Dr. Jones's motion for a change of venue, finding that under NRS 630.355(1) venue in the Second Judicial District Court was proper. This appeal followed.

*DISCUSSION*

On appeal, Dr. Jones argues that the district court failed to consider NRS Chapter 13, including the doctrine of forum non conveniens, in denying her motion to change venue. And because Dr. Jones and all of

the witnesses are located in Clark County, Dr. Jones insists that venue is proper in Clark County.[1] Dr. Jones also argues that "proceeding," as used in NRS 630.355(1), should be interpreted to mean the Board's investigation, which she contends is taking place in Las Vegas because that is where she practices medicine. The Board contends that because it had filed a formal administrative complaint against Dr. Jones and had previously issued an order of summary suspension of her license in its Washoe County office, and the administrative proceeding was taking place in that county at the time the Board petitioned the district court for an order of contempt, the Second Judicial District Court is the proper venue to bring the contempt proceeding.[2]

NRAP 3A(b)(6) allows for an appeal from a district court order denying a motion to change venue. This court reviews such an order for a manifest abuse of discretion, *Nat'l Collegiate Athletic Ass'n v. Tarkanian,*

---

[1]Dr. Jones raises several other arguments in her opening brief related to the district court's order on the subpoena contempt proceedings, as well as procedural issues related to that order. As only the portion of the district court's order regarding the motion to change venue is properly at issue in this appeal, *see* NRAP 3A(b)(6), we do not address Dr. Jones's additional arguments.

[2]The Board also argues that this appeal should be dismissed as moot on the basis that no controversy exists because the Board has already acquired information that will enable it to obtain the documents it requested from Dr. Jones. A review of the district court's docket shows that the Board has not moved to dismiss or withdraw the contempt proceedings, however, and, if contempt is demonstrated, the Board would be entitled to sanctions against Dr. Jones for her contempt in failing to comply with the subpoena. *See* NRS 630.355(3). This appeal is therefore not moot. *See Personhood Nev. v. Bristol,* 126 Nev. ___, ___, 245 P.3d 572, 574 (2010) (providing that a case is moot when a live controversy no longer exists).



113 Nev. 610, 613, 939 P.2d 1049, 1051 (1997), but we review questions of law, such as statutory interpretation, de novo. *See Washoe Cnty. v. Otto*, 128 Nev. ___, ___, 282 P.3d 719, 724 (2012). If the statute is clear on its face, we will not look beyond its plain language. *Wheble v. Eighth Judicial Dist. Court*, 128 Nev. ___, ___, 272 P.3d 134, 136 (2012).

NRS 630.355(1) states in relevant part: "If a person, *in a proceeding before the Board*, a hearing officer or a panel of the Board: (a) Disobeys or resists a lawful order[,] . . . the Board, hearing officer or panel may certify the facts *to the district court of the county in which the proceeding is being conducted.*" (Emphasis added.) We have previously held that a specific venue statute takes precedence over the general venue statutes. *Cnty. of Clark v. Howard Hughes Co., LLC*, 129 Nev. ___, ___, 305 P.3d 896, 897 (2013) (concluding that because NRS 361.420(2), a specific venue statute regarding challenges to property tax valuations, conflicts with NRS 13.030's general venue rule, NRS 361.420(2)'s specific venue rules control). Because NRS 630.355(1) specifically addresses where venue is proper in a contempt action arising from Board proceedings, and NRS Chapter 13's provisions are general venue statutes, we conclude that NRS 630.355(1) is the controlling statute. *Cnty. of Clark*, 129 Nev. at ___, 305 P.3d at 897. Dr. Jones's arguments regarding NRS Chapter 13's general venue provisions, including NRS 13.050(2)(c)'s consideration of the convenience of the witnesses, are thus unavailing.

Having concluded that NRS 630.355(1) controls venue in this matter, we now address the statute's language, which provides that venue is proper in "the district court of the county in which the proceeding is being conducted." Although the language of the statute appears to be unambiguous, the parties each ascribe a different meaning to the statute's

use of the word "proceeding." Dr. Jones contends that "proceeding" as used in the statute refers to the Board's investigation of Dr. Jones, which she asserts is taking place in Clark County where she practices medicine and where the alleged conduct being investigated occurred. The Board argues that "proceeding" means its administrative process, including its hearings regarding Dr. Jones's conduct, which take place at its Washoe County office. Because the statute does not define "proceeding," and the parties each advance a different definition, we may look beyond the plain meaning of the statute to determine where venue properly lies. *State, Div. of Ins. v. State Farm Mut. Auto. Ins. Co.*, 116 Nev. 290, 294, 995 P.2d 482, 485 (2000) (holding that a court should consult other sources, including analogous statutory provisions, when a statute has no plain meaning); *see also Transwestern Pipeline Co., LLC v. 17.19 Acres of Prop. Located in Maricopa Cnty.*, 627 F.3d 1268, 1270 (9th Cir. 2010) ("When determining the plain meaning of language, we may consult dictionary definitions." (internal quotation omitted)); *Nat. Coalition for Students v. Allen*, 152 F.3d 283, 289 (4th Cir. 1998) (noting that courts "customarily turn to dictionaries for help in determining whether a word in a statute has a plain or common meaning").

To determine the meaning of "proceeding" as used in NRS 630.355(1), we look to the word's plain and ordinary meaning and to analogous statutory provisions. *Black's Law Dictionary* defines "proceeding" as "[t]he business conducted by a court or other official body; a hearing." *Black's Law Dictionary* 1324 (9th ed. 2009). This definition supports the Board's contention that proceeding should be read to mean the "business conducted by" the Board, including hearings, suspensions, and the issuance of subpoenas and orders.

Looking next to analogous Nevada statutes that allow other administrative boards, commissions, and agencies to institute contempt actions in the district court also supports the Board's argument that the Legislature intended for it to pursue contempt orders in Washoe County. *See* NRS 485.197 (Department of Motor Vehicles); NRS 632.390 (State Board of Nursing); NRS 637.190 (Board of Dispensing Opticians); NRS 637B.137 (Board of Examiners for Audiology and Speech Pathology); NRS 638.144 (State Board of Veterinary Medical Examiners); NRS 640.163 (State Board of Physical Therapy Examiners); NRS 640E.320 (State Board of Health); NRS 641A.185 (Board of Examiners for Marriage and Family Therapists and Clinical Professional Counselors); NRS 641B.425 (Board of Examiners for Social Workers); NRS 645.720 (Real Estate Commission); NRS 645G.560 (Division of Financial Institutions); NRS 648.160 (Private Investigator's Licensing Board); NRS 673.453 (Department of Business and Industry); NRS 703.370 (Public Utilities Commission). In each of these statutes, the Legislature has provided that administrative boards, commissions, and agencies may seek contempt orders to enforce subpoenas in the district court of the county where the administrative hearing is taking place. *See State, Div. of Ins.*, 116 Nev. at 294, 995 P.2d at 485 (explaining that statutes should be construed together when they seek to accomplish the same purpose); *see also We the People Nev. v. Miller*, 124 Nev. 874, 881, 192 P.3d 1166, 1171 (2008) (noting that when possible, courts should interpret statutes in harmony with other statutes). Although a hearing on the Board's formal complaint against Dr. Jones has apparently not yet occurred, Dr. Jones does not dispute that the hearings on this complaint will take place in the Board's offices in Washoe County.

NRS 630.355(1) governs the specific situation when a party fails to comply with an administrative subpoena or otherwise refuses to properly participate in a proceeding before the Nevada State Board of Medical Examiners. The statute allows the Board to enforce compliance with its administrative process. Considering this statute's effect and that "proceeding" is commonly defined as the business or hearings conducted by an official body, *Black's Law Dictionary* 1324 (9th ed. 2009), we interpret NRS 630.355(1) to mean that venue for a contempt proceeding brought by the Board under that statute is proper in the county where the administrative work of the Board is taking place. In this case, the Board's administrative work, including its filing of a formal complaint and its previous issuance of an order of summary suspension of Dr. Jones's license, took place in the Board's Washoe County office. Thus, the Second Judicial District Court is the proper venue for the contempt proceeding against Dr. Jones, and the district court did not manifestly abuse its discretion in denying her motion to change venue. *Nat'l Collegiate Athletic Ass'n*, 113 Nev. at 613, 939 P.2d at 1051. For these reasons, we affirm the district court's order.

_____, C.J.
Hardesty

_____, J.        _____, J.
Douglas                                            Cherry

SUPREME COURT
OF
NEVAOA

(O) 1947A