FILED

ORDERED PUBLISHED

JAN 9 2020

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. OR-19-1010-LTaF |
| BLAKE MCHARO and INDIA ROSE MCHARO, | Bk. No. 6:18-bk-61242 |
| Debtors. | Adv. No. 6:18-ap-06052 |
| STATE OF OREGON, Department of Human Services, | |
| Appellant, | |
| v. | OPINION |
| BLAKE MCHARO, | |
| Appellee. | |

Submitted Without Argument on November 21, 2019

Filed – January 9, 2020
Ordered Published - February 7, 2020

Appeal from the United States Bankruptcy Court
for the District of Oregon

Honorable David W. Hercher, Bankruptcy Judge, Presiding

Appearances:      Ellen F. Rosenbaum and Carolyn G. Wade on brief for Appellant State of Oregon, Department of Human Services.

———————

Before:  LAFFERTY, TAYLOR, and FARIS, Bankruptcy Judges.

LAFFERTY, Bankruptcy Judge:

INTRODUCTION

The State of Oregon, Department of Human Services (DHS), appeals the bankruptcy court's judgment in favor of chapter 7[1] debtor Blake Mcharo on DHS's claim for nondischargeability under § 523(a)(2)(A). After debtors failed to answer DHS's complaint, the bankruptcy court entered default against each of them and entered judgment against co-debtor India Mcharo. The court, however, declined to enter judgment against Blake[2] because it found that his failure to disclose that he had obtained employment was an unwritten statement respecting his financial condition and thus not within the purview of § 523(a)(2)(A).

We conclude that the bankruptcy court erred in its interpretation of § 523(a)(2)(A) and therefore VACATE the judgment in favor of Blake and

———————

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

[2]Because the debtors share a last name, this Memorandum refers to each debtor by first name. No disrespect is intended.

REMAND for further proceedings consistent with this disposition.

## FACTUAL BACKGROUND

The facts are not in dispute. In August 2011, the Mcharos applied for public assistance cash benefits from DHS through the Temporary Assistance for Needy Families program (TANF). The application they signed included their agreements that: (1) they had given DHS true, correct, and complete information; (2) they understood that making false statements could result in state and federal penalties and the obligation to repay any overpaid benefits; (3) they would report changes in the information given to DHS; (4) the statements made on the application were true and correct, under penalty of perjury; and (5) they had read and understood their rights and responsibilities as set forth in both the application and in Form DHS 0415R. Form DHS 0415R requires that, while receiving benefits, the applicants must report any change in their source of income (i.e., getting, losing, or quitting a job) within ten days.

At the time the Mcharos filled out the application, Blake was not working. However, on October 13, 2011, he became employed with Rent-A-Center, Inc. and remained employed there until June 30, 2012.

On November 9, 2011, India completed an "Interim Change Report." In that document, she marked the "No" box next to the question, "Does anyone work?" Next, on June 7, 2012, India completed an application listing Blake as a member of her household but did not include him as a

3

person for whom she was requesting benefits. In the section regarding household income, she answered "No" to the question "Does anyone have or expect to get any money?" She also left blank the question asking her to list earned income of anyone in the home who was related to her or her children.

At no point after the initial application did Blake sign or submit any document regarding the change in his employment status.

All during this period, between September 2, 2011, and June 30, 2012, the Mcharos were receiving TANF benefits.

On October 1, 2015, DHS recorded two distraint warrants, one against each of the Mcharos, showing the balance due for overpayment of public assistance benefits plus fees. DHS collected $1,276 from the Mcharos before they filed their chapter 7 petition.

The Mcharos filed a joint chapter 7 petition on April 22, 2018.[3] DHS timely filed a complaint under § 523(a)(2) objecting to discharge of the debt owed to it. The complaint alleged the facts recited above and requested that the $3,843 still owed to DHS by the Mcharos be declared nondischargeable under § 523(a)(2), without specifying whether relief was sought under subsection (A) or (B). The Mcharos did not file an answer. At a pretrial conference, the bankruptcy court directed DHS to file default papers and

---

[3]The chapter 7 trustee filed a report of no distribution, discharge was entered, and the case was closed in August 2018.

briefing on the question of whether the failure to fulfill an obligation to report a future change in circumstances can be fraud under § 523(a). DHS duly filed the requested documents and clarified that relief was sought under § 523(a)(2)(A).

The bankruptcy court then granted DHS's motion to enter default against India and Blake and entered a default judgment against India only. It took under advisement the request for entry of judgment against Blake.

In December 2018, the bankruptcy court issued a memorandum decision and judgment in favor of Blake. In the memorandum decision, the court held that DHS failed to state a claim under § 523(a)(2)(A) because Blake's failure to report a change in employment status constituted an unwritten statement regarding his financial condition, thus falling outside the purview of both § 523(a)(2)(A) and (B).

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(1) and (b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court abused its discretion in denying DHS's request for entry of a default judgment against Blake Mcharo on DHS's § 523(a)(2)(A) claim on the basis that a failure to disclose a change in employment status constitutes an unwritten statement relating to financial condition.

STANDARDS OF REVIEW

The bankruptcy court's denial of a default judgment is reviewed for an abuse of discretion. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *See TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

We review de novo the bankruptcy court's interpretation of the Bankruptcy Code. *Barnes v. Belice (In re Belice)*, 461 B.R. 564, 572 (9th Cir. BAP 2011). "When we conduct a de novo review, we look at the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered, giving no deference to the bankruptcy court's determinations." *Id.* at 572–73 (citations omitted).

DISCUSSION

Section 523(a)(2)(A) of the Bankruptcy Code excepts from discharge any debt "obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." Section 523(a)(2)(B) in pertinent part excepts from discharge debts obtained by materially false written statements respecting a debtor's or insider's financial condition. Unless the debt could fall under

6

another exception to discharge as described in the Code, debts obtained by materially false, but unwritten, statements respecting a debtor's financial condition are still subject to discharge. *See Lamar, Archer, & Cofrin, LLP v. Appling*, 138 S. Ct. 1752, 1757 (2018).

A creditor asserting nondischargeability of a debt under § 523(a)(2)(A)

> must demonstrate by a preponderance of the evidence . . . (1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct.

*Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000).

A fraudulent omission in the face of a duty to disclose may constitute a false representation. *Citibank (South Dakota), N.A. v. Eashai (In re Eashai)*, 87 F.3d 1082, 1089 (9th Cir. 1996); *cf. Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1246 & n.4 (9th Cir. 2001). In cases where a plaintiff establishes the nondisclosure of a material fact that the debtor was under a duty to disclose, the reliance and causation elements are established and need not be separately proven. *Apte v. Romesh Japra, M.D., F.A.C.C., Inc. (In re Apte)*, 96 F.3d 1319, 1323 (9th Cir. 1996).

Although the bankruptcy court acknowledged the foregoing authorities, it found that Blake's fraudulent omission was a "statement respecting financial condition" and thus fell outside the purview of § 523(a)(2)(A). The court concluded that a statement need not be express, citing the definition of "statement" from Black's Law Dictionary: "A verbal assertion or nonverbal conduct intended as an assertion." The court noted that this definition tracks with the definition found in Federal Rule of Evidence 801(a): "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion."

The bankruptcy court rejected DHS's argument that the Supreme Court's recent decision in *Appling* established that a failure to disclose does not constitute a "statement." In *Appling,* the Supreme Court considered whether a false oral statement regarding a single asset, an anticipated tax refund, constituted a "statement respecting financial condition" that would fall under the exception to discharge of § 523(a)(2). In its analysis, the Supreme Court cited the definition of "statement" set forth in Webster's Third New International Dictionary: "the act or process of stating, reciting, or presenting orally or on paper; something stated as a report or narrative; a single declaration or remark." *Appling,* 138 S. Ct. at 1759. Because *Appling* involved an oral statement, the Supreme Court did not address the question of whether a "statement" could include an omission.

The bankruptcy court reasoned that nonverbal conduct necessarily

8

includes silence in the face of a duty to disclose, and thus Blake's failure to disclose his changed income to DHS constituted a statement respecting financial condition. The court concluded that this interpretation made sense as matter of policy because if such silence were not construed as a "statement," then those debtors who remained silent could be punished more harshly than those who actively lied, which would be an incongruous result.[4]

We respectfully disagree with the bankruptcy court's analysis. Congress did not define "statement" in the Bankruptcy Code. A fundamental canon of statutory construction is that, when a term is undefined, words within a statute "will be interpreted as taking their ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42 (1979). In interpreting an undefined term, courts may consult dictionary definitions. *Transwestern Pipeline Co., LLC v. 17.19 Acres of Prop. Located in Maricopa Cty.*, 627 F.3d 1268, 1270 (9th Cir. 2010). The Webster's definition–the act or process of stating, reciting, or presenting orally–does not contemplate silence or even nonverbal communication.

*Appling* itself provides support for the conclusion that an omission is

_____

[4]We note that the bankruptcy court recently decided a case with facts nearly identical to those presented here and ruled in favor of the government plaintiff in *Washington County Department of Housing Services v. Hall (In re Hall)*, No. 18-03121-DWH, 2019 WL 4281911 (Bankr. D. Or. Sept. 9, 2019). In *Hall*, the bankruptcy court reconsidered its analysis of the meaning of "statement" and concluded that, for purposes of § 523(a)(2)(A), a fraudulent omission is not a "statement."

not a "statement," albeit in dicta. The Supreme Court noted that debt incurred through fraudulent conduct may be nondischargeable under § 523(a)(2)(A). *Appling*, 138 S. Ct. at 1763 (citing *Husky Int'l Elecs., Inc. v. Ritz*, 136 S. Ct. 1581, 1586 (2016), holding that "actual fraud" under § 523(a)(2)(A) includes schemes that can be undertaken without a representation). In a related footnote, the Court cited *United States v. Tucker (In re Tucker)*, 539 B.R. 861 (Bankr. D. Idaho 2015), and *United States v. Drummond (In re Drummond)*, 530 B.R. 707 (Bankr. E.D. Ark. 2015). Both cases involved facts substantially similar to this case, and both held that a debt incurred by overpayment of government benefits because a debtor failed to disclose a change in employment status was nondischargeable under § 523(a)(2)(A). *Appling*, 138 S. Ct. at 1763 n.4.

We further find no compelling policy basis to treat omissions as statements. With respect to the concern that debtors who remain silent regarding their financial condition may be punished more harshly than those who make affirmative oral misrepresentations, a voluntary lender can typically protect itself by requiring financial information in writing before loaning money. On the other hand, government agencies that provide benefits to debtors do not intentionally set out to become creditors: a debtor-creditor relationship arises only when the applicant becomes disqualified from receiving benefits but fails to report the change in status. As such, those agencies are reliant on the applicant to make full, continuing

disclosures. *In re Hall,* 2019 WL 4281911 at \*4 (citation omitted).

## CONCLUSION

The bankruptcy court erred when it construed Blake's failure to disclose his change in employment status as a "statement respecting . . . financial condition" under 11 U.S.C. § 523(a)(2)(A). Accordingly, we VACATE and REMAND for further proceedings consistent with this disposition.[5]

---

[5]We emphasize that our holding is limited: where the debtor has made a written application that includes financial information and promises to report any changes in that information, the debtor's failure to make such a report is not a "statement respecting . . . financial condition." On remand, the court will need to consider and make findings as to the elements of the § 523(a)(2)(A) claim.